### SHOWALTER v. HAMPTON.

No. 17822—Opinion Filed Feb. 8, 1927.

(Syllabus.)

1. **Appeal and Error—Time for Appeal Where Motion for New Trial Unnecessary.**

Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion.

2. **Same—Dismissal of Appeal not Perfected in Time.**

Where an appeal is not perfected in this court within the time provided by statute applicable to the instant case, this court is without jurisdiction to consider and determine the same, and the attempted appeal will be dismissed.

3. **Same—Failure to Serve Case-Made in Time.**

Section 785, Comp. Stats. 1921, provides the case-made, or copy thereof, shall, within 15 days after the judgment or order appealed from is rendered, be served upon the opposite party or his attorneys, and where no order is made within 15 days after judgment, extending time to serve case-made, and failure to serve the same within the time provided by law makes such case-made a nullity and the appeal will be dismissed.

4. **Same—Dismissal of Appeal Where Motion for New Trial Not Filed in Time.**

Where a motion for new trial is not filed within three days from the date of the verdict of a jury, or the judgment of the court, if the case is tried to the court, and no

showing is made that the motion was unavoidably prevented from being filed within the time, the appeal will be dismissed.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Georgia Valliere Hampton against Clara Showalter. Judgment for plaintiff, and defendant brings error. Appeal dismissed.

D. H. Cecil and H. H. McClure, for plaintiff in error.

F. D. Adams and E. C. Fitzgerald, for defendant in error.

PER CURIAM. The proceedings sought to be reviewed were begun in the trial court by defendant in error filing her affidavit of garnishment and causing summons to be issued thereon and to be served on the parties alleged to be indebted to plaintiff in error. The garnishee answered acknowledging the indebtedness to plaintiff in error, and thereafter, on February 2, 1926, an order of court was made directing the payments into court by the garnishee of the moneys owing to plaintiff in error. On February 13, 1926, the plaintiff in error filed her motion to vacate the order of court made on February 2nd, because of irregularities in obtaining said order, and that said order was made without notice to the plaintiff in error, and for the further reason that the moneys impounded were not subject to garnishment. On the 25th day of February, 1926, the plaintiff in error filed what she termed an answer to the answer of the garnishee, alleging the funds sought to be impounded were not subject to garnishment, and for the further reason that the judgment sought to be satisfied by the moneys obtained in garnishment was void. The issues presented by the motion to vacate and the answer were submitted to the court upon an agreed statement of facts, and on April 1, 1926, the court made an order overruling plaintiff in error's motion to vacate and denied relief under the answer and sustained the garnishment. On April 6, 1926, plaintiff in error filed a motion for new trial, and on April 26, 1926, as shown only by the clerk's minutes, the motion for new trial was overruled, notice of appeal given, and time allowed in which to make and serve case-made. No other order appears of record giving a further extension of time.

Defendant in error has filed in this court motion to dismiss the appeal for the reason that the case-made was not served within the time allowed by the court. The case-made was served on defendant in error on July 21, 1926. This case was submitted to the court upon an agreed statement of facts.

The plaintiff in error contends that the cause was not submitted to the court upon an agreed statement of facts, but, although statement of facts was agreed upon, that evidence was introduced in addition thereto.

It appears that all the matters submitted to the court, such as the entire record of the case referred to by plaintiff in error, are embraced in the agreed statement of facts, and, further, the journal entry of judgment recited that:

"This mattter having heretofore been submitted to the court upon an agreed statement of facts."

Motion for new trial was unnecessary, and the time in which to make and serve a casemade began to run at the time judgment was rendered, to wit, April 1, 1926.

In the case of Landers et al. v. Bank of Commerce of Okmulgee, 106 Okla. 59, 233 Pac. 200, the second paragraph of the syllabus is as follows:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court. and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

Section 785, C. O. S. 1921, provides the case-made or copy thereof shall, within 15 days after the judgment or final order appealed from is rendered, be served upon the opposite party or his attorney. And where no order is made within 15 days after judgment extending the time to serve the casemade, failure to serve the same within the time provided by law makes such case-made a nullity.

But the plaintiff in error further contends that, even though motion for new trial was unnecessary, on April 2nd, the day plaintiff in error contends judgment was rendered, an order of the court was made wherein the plaintiff in error was allowed 90 days to make and serve case-made. and that on April 26, 1926, the court extended the time 90 days therefrom as shown by the record.

The record referred to appears to be only a recital in the clerk's minutes of the proceedings of the trial court and they are re-

corded in Book 5 in the clerk's office of the trial court as to the action of the court on April 2, 1926, concerning judgment, and as to the action of the trial court on April 26, 1926, overruling motion for new trial, the record shows the only recital thereof is in Minute Book 5, presumably the same book or record in the clerk's office of the trial court, while the journal entry of judgment, which does not extend time in which to serve case-made, is recorded in Civil Journal No. 12.

This court, in the case of Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, held that the clerk's minutes are not a part of the record, and that the recital therein is insufficient to properly bring the matter before this court for review. This rule is well supported by a long line of decisions of this court, and is the rule governing such a state of record as in the instant case.

If this were not correct, conflict might often arise, as in this case, where the journal entry shows judgment was rendered on April 1, 1926, and the clerk's minutes recite that judgment was rendered on April 2, 1926; and the journal entry shows no notice of appeal was given or extension of time given in which to make and serve case-made, while the clerk's minutes recite notice of appeal and that time was given in which to make and serve case-made.

Section 867, Comp. Stats. 1921, requires the clerk to enter upon the journal (required by section 865, Comp. Stats. 1921, to be kept by the clerk) the proceedings of the court. And since the clerk is required by law to enter the proceedings of the court upon the journal, it is the journal that must speak as to the actions of the court, and its contents must control, and upon its contents this court must rely.

Plaintiff in error urges that a motion for new trial was necessary and that the purported order of April 26, 1926, did control and that the case-made was served within the time allowed.

We have already found that the only action of the trial court upon the motion for new trial is the recital in the clerk's minutes, which is insufficient, in the absence of an order by the court, to properly bring the matter before this court for review, but even though plaintiff in error's contention be considered, the motion for new trial was not filed in time.

Judgment was rendered April 1, 1926, as shown by the journal entry; on April 2, 1926, as shown by the clerk's minutes. The motion for new trial was not filed until April 6, 1926, which was not within three

days after judgment was rendered as above set forth, and not within the time required by section 574, Comp. Stats. 1921, which requires the motion for new trial to be filed within three days, and there are no reasons shown why this motion was not filed within the three days to bring it within the exceptions provided in the section 574, supra.

Either position that may be taken by the plaintiff in error cannot bring the record in this case before this court for review under the rules applicable to the record in this case.

The motion for new trial being unnecessary, the case-made was not served within the time required by law, or if it were possible to hold the motion for new trial was necessary, then the motion for new trial was not filed in time, and this court cannot consider errors occurring at the trial.

In Gibson v. Farmers & Merchants Bank of Boley, 108 Okla. 268. 236 Pac. 420, it is held:

"Where a motion for new trial is not filed within three days from the date of the verdict of a jury, or the judgment of the court, if the case is tried to the court, and no showing is made that the motion was unavoidably prevented from being filed within the time, the appeal will be dismissed."

This rule is supported by the case of Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733, and other cases passed upon by this court.

It follows that the motion to dismiss should be and is sustained, and the appeal is hereby dismissed.