**CARTER · Ex'r, et al. v. DAVIS.**

No. 18753. Opinion Filed Dec. 10, 1929.

Rehearing Denied Jan. 28, 1930.

Commissioners' Opinion, Division No. 2.

Watts & Broaddus, for plaintiffs in error.

Newton & Pinson, for defendant in error.

HERR, C. This is an action originally brought in the district court of Wagoner county by C. E. Davis against A. E. Carter, executor of the estate of C. M. Nichols, deceased, and Carrie M. Nichols to quiet title to lots 21 and 22 in block 38 in the town of New Coweta, Okla.

Plaintiff claims under a warranty deed executed by school district No 17, Wagoner county. Defendants claim the lots as part of the estate of C. M. Nichols, deceased.

It is conceded that the lots in question were condemned for school purposes by the school district in the year 1921, and that on the 16th day of September, 1924, said district, by warranty deed, conveyed the same to plaintiff, and it is further conceded that C. M. Nichols, deceased, was the owner of the lots at the time they were condemned.

It appears from the record that C. M. Nichols died testate in December, 1925; that defendant Carrie M. Nichols was the sole devisee and beneficiary under his will, and that defendant Carter is executor under the will.

Defendants contend that the school district, under the condemnation proceedings, acquired only a limited right or estate in the lots condemned; that is, the right to hold possession thereof and to use the same for school purposes; that it abandoned the lots for such purpose, and that upon such abandonment the title thereto reverted to C. M. Nichols, the original owner. Plaintiff claims that the full fee-simple title passed to the school district by the condemnation proceedings and the trial court found for plaintiff. Defendants appeal.

The evidence discloses that the purpose of condemning the lots was for agricultural and farming purposes to be used in connection with the agricultural department of the school. The lots were not condemned for use as a schoolhouse site. The evidence fur-

ther discloses that the only use made of the lots was the planting of a little garden thereon in 1922, and that a few flower beds were made in the year 1924; that for the major portion of the time between the date of condemnation and the date of the sale of the lots to plaintiff, they were permitted to lie idle and grow up in weeds.

The evidence also discloses on behalf of the district that the purpose in selling the lots was to acquire other property in lieu thereof. It is further shown by the evidence that the purchase price to plaintiff was $350; that plaintiff gave his check to the school district for that sum, but that the school district, up to the time of the trial, had not cashed the check, apparently for the reason that it had some doubt as to its title.

Whether the judgment of the trial court is correct depends upon the nature of the title taken by the school district under the condemnation proceedings. If it took an estate in fee simple, the judgment must be affirmed. If not, it must be reversed.

The general rule is that unless the statute authorizes the condemnor to take an estate in fee, only an easement or a qualified or terminable fee is taken, and that upon cessation of the use for which the premises were taken, the title thereto will revert to the original owner.

In 20 C. J. at page 1223, it is said:

"Where the interest to be taken is not expressly stated, the condemnor is presumed to take no greater interest than an easement where an easement is sufficient to satisfy the purpose of the taking; but where an easement is not sufficient, the right to take is measured by the need to take. * * * The condemnor may be authorized to take a fee, but the authority to do so must be expressly given or necessarily implied from the language used in the statute; and an absolute and unconditional price must be paid for the property. Under some statutes the condemnor is only authorized to take a qualified or terminable fee, and the title reverts to the landowner in case of abandonment."

In 24 R. C. L., at page 582, the following rule is announced:

"As is the usual rule in cases of eminent domain, land so taken for school purposes does not vest the fee in the district, but only the right to the use and occupation of the land for school purposes."

In Lazarus v. Morris (Pa.) 61 Atl. 815, it is said:

"Under Act April 9, 1867 (P. L. 51) authorizing school directors to occupy sufficient ground for the erection of school buildings, the title acquired by the school district is merely a right to use and occupy the land condemned, and when this use ceases, the title reverts to the original owners. * * *

"The appropriation of land under the power of eminent domain does not give a fee-simple title in the absence of express statutory language to that effect, but only a right to use and occupy the land for the purpose for which it is taken."

Plaintiff concedes this to be the general rule, but contends that under our statute the district took a fee-simple title, and in support thereof, cites section 7790, R. L. 1910. This section was repealed by chapter 219, S. L. 1913; does not appear in the 1921 Statutes and was not in force at the time the land here involved was condemned, and plaintiff can, therefore, claim nothing thereunder.

Section 6321, C. O. S. 1921, was the controlling statute at the time the proceedings herein were had, and is as follows:

"Any county, city, town, township, school district, or board of education, or any board or official having charge of cemeteries created and existing under the laws of this state shall have power to condemn lands in like manner as railroad companies, for highways, rights of way, building sites, cemeteries, public parks, and other public purposes."

Under the statute and the facts in the instant case, the school district did not take a fee-simple title to the premises under the condemnation proceedings, but took only a qualified or terminable fee, and upon abandonment of the lots for the purpose for which they were condemned, to wit, school purposes, the title thereto reverted to the original owner.

Cases may arise where a municipality, as condemnor, under the rule of necessity, and in the absence of statute to that effect, may take a full fee-simple title to the premises condemned where it clearly appears from the proceedings that such interest was in fact condemned; but this rule cannot be invoked in the instant case, as, under the facts, it cannot be said that it was necessary for the school district to acquire the full fee-simple title to accomplish the purpose for which the lots were taken; nor does it appear from the proceedings that such interest was, in fact, condemned.

Plaintiff also cites sections 10586 and 10588, C. O. S. 1921. These sections do not apply to independent school districts, and cannot, therefore, aid him.

Section 10406 is also cited. This section,

among other things, authorizes an independent school district to sell and convey such real estate as it may, by purchase, devise, gift or otherwise, acquire. Thereunder the district had the right to sell and convey any interest in the premises in question that it may have had, but it certainly could convey no greater interest. It certainly could not pass title to that over which it never acquired title. Mulligan et al. v. School District (Pa.) 88 Atl. 362.

It follows from what is said that defendants are entitled to judgment for possession of the premises. Their right as to damages, and plaintiff's rights, if any, under the Occopying Claimants Act, are not here determined, but are left open for determination by the trial court.

Judgment should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

TEEHEE, JEFFREY, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 10 R. C. L. p. 14, See "Eminent Domain," 20 C. J. §583, p. 1223, n. 69; §598, p. 1236, n. 44.