MARTIN v. CITY OF BETHANY.

No. 32671. June 10, 1947.

Rehearing Denied July 1, 1947.

*182 P. 2d 517.*

V. E. Stinchcomb, Edward Bynum,

and Campbell Hippen, all of Oklahoma City, for plaintiff in error.

Suits & Fellers, C. C. Andrews, and Samuel M. Anderson, for defendant in error.

HURST, C.J. The question for decision is whether the town of Bethany acquired a fee-simple title to the tract of land here involved, containing 3.37 acres, under condemnation proceedings.

The land was condemned in 1926 for sewer and septic tank purposes and the condemnation award was paid out of the proceeds of a bond issue voted for said purposes. The condemnation proceedings did not use the term "fee simple" and did not expressly state the interest intended to be taken. The final judgment approving the jury verdict and condemning the land provided that "plaintiff is entitled to enter upon and take possession of" the land, and is "entitled to the undisturbed possession of said property under the laws of this state governing acquisition of land by condemnation proceedings." The town then contained a population of between 1,000 and 1,200, but it has since become a city. In 1945, this quiet title suit was filed by the city to secure a determination that a fee-simple title was acquired by the condemnation proceedings and to quiet the city's title against J. Lem Martin, who owned the land at the time it was taken by the condemnation proceedings. The defendant asked that his title be quieted. Judge Babcock, who was the trial judge in the condemnation proceedings, testified in the present case that it was his understanding at the time the condemnation proceedings were tried that only an easement could be secured in such a proceeding, and that an easement only or right to use the land was intended by him. From a judgment in favor of the plaintiff city, the defendant has appealed.

The city contends: (1) that it acquired a fee-simple title under authority of C.O.S. 1921 §6321, now 27 O.S. 1941 §5, and under our decisions in

Carter v. Davis, 141 Okla. 172, 284 P. 3, Ramsey v. Leeper, 168 Okla. 43, 31 P. 2d 852, Harn v. State, 184 Okla. 306, 87 P. 2d 127, and Fischer v. Oklahoma City, 198 Okla. 22, 174 P. 2d 244, and that an intention to acquire a fee-simple title is shown by the record in the condemnation proceedings; and (2) that since funds raised by a bond issue voted under authority of section 27, art. 10 of the Constitution, were used to pay for the land taken, and the utility purchased or constructed out of the proceeds of the bond issue "is to be owned exclusively" by the town, a fee-simple title only could be acquired.

1. In determining the nature or extent of the estate or interest that may be acquired under the the power of eminent domain, it is necessary to consider the terms of the statutes conferring the power; and in determining the interest intended to be taken, it is necessary to consider the terms of the statutes and the condemnation proceedings and judgment. Harn v. State, above; 30 C.J.S., Eminent Domain, §449; 18 Am. Jur., Eminent Domain, §114.

In 30 C.J.S. at page 197, it is said:

"The statutes conferring the power of eminent domain are in derogation of the common right and, therefore, must be strictly construed, the provisions thereof with respect to the extent of the interest or right which may be taken are also to be strictly construed, and the quantum of the title to be taken will not be extended by implication; thus, where the statute has prescribed the interest to be taken, no other interest can be taken than that specified. Where the estate or interest to be taken is not definitely set forth, only such an estate or interest may be taken as is reasonably necessary to answer the public use or purpose in view, or the purposes for which the corporate franchise was granted, or as can, by plain inference, be construed to have been intended to be taken. A condemnor is not required to go to the full extent permitted by law, but may voluntarily restrict itself to so much of the land-

owner's interest as the public need actually requires."

The condemnation proceedings do not refer to the statute under which they were prosecuted.

The statute relied upon by the city, C.O.S. 1921, §6321, names the municipalities upon which the power of eminent domain is conferred and specifies the manner in which the power may be exercised and the purposes for which property may be condemned, but it does not refer to the nature or extent of the interest or estate to be taken.

The statutes under which the condemnation proceedings were prosecuted in the cases relied upon by the city are not applicable to the instant case. Carter v. Davis holds that C.O.S. 1921, §6321 was the statute under which the school district condemned property for agricultural purposes and not for a schoolhouse site, and it was held that a fee-simple title was not acquired. The statute under which the condemnation proceedings were prosecuted in Ramsey v. Leeper, C.O.S. 1921, §4507, authorized cities containing a population of more than 2,000 to "acquire, own and maintain" real estate for certain purposes. The opinion in Fischer v. Oklahoma City does not specify the statute under which the land was there condemned, but it relies upon Ramsey v. Leeper, and we assume that the statute under which the lands were condemned was the same in both cases. The case of Harn v. State involved a special statute under which the state condemned the land.

We are of the opinion that the interest of the town of Bethany was acquired under C.O.S. 1921, §4404, a statute dealing only with sewers, as urged by the defendant, rather than under section 6321, a general statute, as urged by the city. Section 4404 authorized towns to condemn private property for "public use, occupation or possession" and the condemnation decree authorized the town to merely enter upon and take "possession" of the land.

We need not determine whether the town could have acquired a fee-simple title under section 4404. It is clear that it was not required to do so (30 C.J.S. 197, above), and it is equally as clear that the condemnation proceedings and judgment do not show an intention to take a fee-simple title, in view of the fact that the proceedings do not use the words "fee-simple" or any other words denoting an estate of that quality, and the decree uses only the word "possession" in connection with the interest intended to be conveyed to the town, and in view of the principle that the proceedings are to be construed most strongly against the town and in favor of the owner whose property is being taken against his will.

The record does not establish that the town endeavored to prove in the condemnation proceedings a necessity for acquiring a fee-simple title so as to come under the rule stated in Carter v. Davis, above.

2. We find no merit in the contention of the city that because the condemnation money was paid out of the proceeds of the bond issue voted under authority of section 27, art. 10 of the Constitution, a fee-simple title was acquired. The question of the validity of the expenditure of the fund used in purchasing the interest acquired is not before us. The public utility—the sewer and septic tank—is owned exclusively by the town, but it was not necessary that the land on which it was located be also owned exclusively by the town. The city cites no authority so holding. It cites authorities dealing with the validity of municipal bond issues, a question not involved in the instant case.

Judgment reversed, with directions to enter judgment for the defendant quieting his title subject to the easement.

DAVISON, V.C.J., and RILEY, OS-

BORN, GIBSON, and ARNOLD, JJ., concur. Welch, J., concurs in conclusion.

Rehearing Denied July 1, 1947.