CITY OF CUSHING v. GILLESPIE et al.

No. 35325.    April 21, 1953.

*256 P. 2d 418.*

Sterling N. Grubbs, Cushing, and Guy L. Horton, Stillwater, for plaintiff in error.

A. R. Swank, A. R. Swank Jr., and E. C. Swank, Stillwater, for defendants in error, Francis G. Gillespie, Guy James and Martin Wunderlich.

Everett E. Berry Jr., Joe E. Johnson, and M. C. Kratz, Stillwater, for other defendants in error.

WILLIAMS, J. In 1924, the city of Cushing, hereinafter referred to as city, condemned certain lands involved in this action for the purpose of enlarging a water reservoir. The lands at that time belonged to George T. Gillespie and his wife. In 1931, George Gillespie

executed an oil and gas lease covering the lands herein involved; he also sold mineral rights to various people. On May 15, 1951, the city issued a drilling permit covering the land herein involved; it was shown that neither at that time, nor at any other time prior to the filing of the instant action, did the city claim to own the mineral rights to the land condemned.

On June 14, 1951, certain heirs and successors of Gillespie, to whom we shall refer hereafter as plaintiffs, filed an action to quiet their title to the mineral rights under the lands condemned in 1924 by the city. The city filed an answer and cross-petition in which it set up a claim to the mineral rights and asked that its title thereto be quieted. Plaintiffs recovered judgment in the trial court and defendant, city, has duly appealed.

The sole question for our determination here is whether, by virtue of the 1924 condemnation proceedings, the city acquired title to the minerals under its reservoir.

Prior to and during the condemnation proceedings, Gillespie and the city were unable to agree on a price for his land; both Gillespie and the city excepted to the report of the commissioners appointed to appraise the land and demanded a jury trial, which was had.

The city argues first that the applicable law authorized it to acquire a fee-simple title; second, that the proceedings instituted pursuant to the applicable legislative act show a fee-simple title was acquired; and third, that the proceedings subsequent to the commissioners' report did not limit the title to less than a fee-simple title.

The truth of the first argument is conceded by plaintiffs, and, as is shown below, a determination of the second argument is controlling in this case.

Defendant (plaintiff in error) city cites Jones v. Oklahoma City, 192 Okla. 470, 137 P. 2d 233, in support of its contention that a fee-simple title was taken. In that case, certain lands had been condemned by a railroad company in 1900, and the successors of the orignal owners had brought an action in ejectment against Oklahoma City, which was the successor in interest of the railroad company. The railroad company had proceeded under a statute of the Oklahoma Territory which had been adopted from Dakota Territory. Such statute provided for the condemnation of land by railroad companies, and specifically gave to the railroad company the right to sell the land when it was no longer required for railroad purposes. Since the Oklahoma statute had not been judicially interpreted at that time, this court, in Jones v. Oklahoma City, adopted the interpretation of the Supreme Court of South Dakota, to the effect that the express power to sell, conferred upon the railroad company by the statute, was inconsistent with the passing of less than a fee-simple title in the condemnation proceedings.

The city of Cushing, in its 1924 condemnation proceedings, acted under the terms of Title 11, O.S. 1951 §293, which permits (but does not require) the acquisition of a fee-simple title in the condemnation of land for water reservoir purposes. Said statute does not confer upon the city the power to sell the land when it is no longer needed by the condemnor, and in this particular it is distinguishable from the statute construed in Jones v. Oklahoma City. For that reason, the holdings in that case are not applicable here.

Defendant also cites Harn v. State ex rel. Williamson, Atty. Gen., 184 Okla. 306, 87 P. 2d 127, to the effect that when the words "appropriate" or "appropriation" are used in condemnation proceedings, the passing of a fee-simple title is indicated. It is true that these words were used in the proceedings in the instant case, but it is also true that other words were also used which indicated the passing of less than a fee-simple title.

An examination of the pleadings, exhibits, etc., in the condemnation proceedings, which are before us as exhibits in the instant case, reveals the following: that nowhere in said record are there any words indicating directly and positively an intent to take a fee-simple title; that the city requested an instruction to the jury not to consider the possibility of the existence of oil and gas under the land; that the court instructed the jury that "the city takes an easement on said land covered by water for waterworks purposes, merely". Evidence in the instant case showed that the city had made no claim of ownership of the mineral rights for approximately 25 years, during which time the plaintiffs' predecessors sold an oil and gas lease and mineral interest to various people. Evidence also showed that subsequent to the 1924 proceedings, the city condemned, for waterworks purposes, a parcel of land adjacent to the land herein involved, and, in that connection, stipulated to the effect that the mineral rights were reserved to the original owners.

All of the above is highly indicative of the fact that the city did not actually intend to take the mineral rights in the condemnation proceedings.

In the Harn case, supra, this court said at page 309, of 184 Okla. Reports, page 129 of 87 P. 2d:

"In deciding the question here presented, the extent of the estate condemned, we must look to the Act authorizing the condemnation * * * and to the proceedings instituted pursuant thereto, including the commissioners' report aforesaid. If, from that inspection, it appears that the Legislature by its enactment intended to appropriate the fee-simple title, *and that such title was reasonably requisite to the designated use,* and suitable proceedings were prosecuted to that end, we must hold that the fee-simple title passed to the city." (Emphasis supplied.)

See, also, 30 C.J.S., Eminent Domain, §449, which reads in part:

"The nature and extent of the title or right taken in the exercise of eminent domain depends on the statute conferring the power. The statute will be strictly construed; where the estate or interest is not definitely set forth, only such estate or interest may be taken as is reasonably necessary to answer the public purpose in view. ***"

"A condemnor is not required to go to the full extent permitted by law, but may voluntarily restrict itself to so much of the landowner's interest as the public need actually requires; ***"

No evidence was presented in the instant case, and no contention is made on appeal, to the effect that the public need required that the city of Cushing take title to the mineral interests herein involved in order to provide properly for the water reservoir. To the contrary, there was affirmative evidence that the mineral rights were not needed by the city; the oil well drilled or started under authority of the drilling permit mentioned in the first paragraph of this opinion was "directionally drilled" or "whipstocked"; this was done with the express permission of the city.

Since the condemnation proceedings do not show a clear intent to take a fee-simple title; and since the applicable statute does not require the taking of a fee-simple title; and since it was not shown that the public need required the taking of a fee-simple title; and since the court in effect told the jury that the minerals did not pass under the proceedings in question, and it must be presumed that the jury had such instruction in mind at the time of assessing defendant Gillespie's damages in that case, we hold that title to the mineral interests herein involved did not pass to the city of Cushing by virtue of the 1924 condemnation proceedings.

The judgment of the trial court is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.