MISSOURI, K. & T. R. CO.
v.
MILEY et al.
No. 34815.

Supreme Court of Oklahoma.
Sept. 22, 1953.

Rehearing Denied Nov. 24, 1953.

John E. M. Taylor, Dan M. Welch, Oklahoma City, Semple & Fitzgerald, Tulsa, for plaintiff in error.

Tomerlin & High, Oklahoma City, for defendants in error, Cora M. Miley, Wm. H. Miley, Cora A. Harney, nee Miley, W. T. Laughlin and Lylus A. Laughlin, his wife, B. G. Byars and L. A. Grelling.

DAVISON, Justice.

This suit, which is of equitable cognizance, was brought by Cora M. Miley, Wm. H. Miley, Cora A. Harney, nee Miley, W. F. Laughlin, Lylus A. Laughlin and B. G. Byars, as plaintiffs, against the Missouri-Kansas-Texas Railroad Company, a corporation, and Skelly Oil Company, a corporation, as defendants, to quiet title to the oil, gas and other minerals underlying a 7.857 acre strip of land, constituting the right-of-way of the defendant railroad company. The title of all parties springs from that of Edward King and Margaret A. King, both deceased, whose heirs were, upon motion of the defendant oil Company, made parties hereto. The issues are between the plaintiffs, on one side, and the original defendants, on the other, and they will be referred to as they appeared in the trial court.

Edward King was the owner of a quarter section of land (160 acres) in Oklahoma county, Oklahoma, when, in 1903, condemnation proceedings against him and his wife, Margaret King, were brought by the predecessor of the above named Missouri-Kansas-Texas Railroad Company, seeking the condemnation of a part of said lands for railroad purposes. The gist of the instant lawsuit is the determination of the estate thereby acquired in a strip of land 100 feet wide across said quarter section—the plaintiffs contending that it was an easement only—the defendants contending that it was a full fee simple estate. The defendant oil company claims an oil and gas leasehold estate from said railroad company.

Subsequent to the condemnation proceedings, the said Edward King died testate, bequeathing said property to his wife and children. Plaintiffs became the owners of various mineral interests in the lands by mesne conveyances from said devisees. Their estates therein were subject only to the title of defendants in the 100 foot wide strip, used for railroad purposes. It was agreed that the mineral estates still owned by the King heirs would be fixed by the determination of the issues between the plaintiffs and the original defendants. The judgment of the trial court was for the

plaintiffs and the King heirs, finding that the defendant railroad company acquired only an easement for a right-of-way across the quarter section. From said judgment, the defendants railroad company and oil company have appealed.

The sole question for determination is the quantum of the estate acquired by the railroad company, in the 100 foot strip of land, by virtue of the condemnation proceedings in 1903. Although not alleged in the petition, that proceeding was had under the authority of, and in compliance with, the provisions of art. 9, Chap. 17, Statutes of Oklahoma 1893, 66 O.S.1951 § 1 et seq., being the same statutes involved in the case of Jones v. Oklahoma City, 192 Okl. 470, 137 P.2d 233, 238, 155 A.L.R. 375. In the cited case, it was held that said statutes "authorized the railroad to acquire a full fee simple title." But, a determination of whether or not a lesser right was taken "* * * that is, only a 'right-of-way', and not the land itself * * * necessitates an examination of said proceedings to determine the extent of the interest acquired thereby." The statutes in question authorized, but did not require, that a title in fee simple be taken. In the recent case of City of Cushing v. Gillespie, 208 Okl. 359, 256, P.2d 418, this further holding in the Jones case was not pointed out, not being pertinent to the issues therein.

█ Therefore, although other statutes were controlling therein, the rule of law applied in the case of Martin v. City of Bethany, 199 Okl. 57, 182 P.2d 517, is also applicable to the case at bar. Therein, it was held:

"In order for a fee simple title to be acquired under a statute conferring the power of eminent domain which does not require that such a title be taken, the condemnation proceedings must clearly show an intention to acquire such a title and that such a title was in fact acquired under the condemnation decree."

The condemnation proceedings against Edward King and his wife were concluded by a full and complete judgment of the court, fixing the rights of all parties. The report of the referees was included in said judgment and was confirmed. The court then decreed (all in the same said judgment) that the Kings have judgment for a definite sum of money, being the amount fixed by the referees, and further decreed that "the right to the exclusive use and occupancy of said strip of land is hereby forever vested in the said plaintiff (railroad) so long as the same may be held and used for railroad right-of-way purposes." In the City of Bethany case, supra, "the condemnation decree authorized the town to merely enter upon and take 'possession' of the land." The condemnation decree herein confirmed the railroad company's "right to the exclusive use and occupancy" of the land. The two expressions are synonymous and are materially different from expressions used in the condemnation proceedings involved in the Jones v. Oklahoma City case, supra. In the latter, the judgment merely confirmed and gave effect to the report of commissioners which, after a description of the land, contained the conclusion, "which land we do hereby condemn and set aside for the use and benefit etc."

█ Thus, in the Jones case, supra, there was a condemnation of "the land", in the City of Bethany case, there was a condemnation of "possession" of the land; and, in the case at bar, there was a condemnation of "the right to the exclusive use and occupancy" of the land. These clauses in the condemnation judgments are analogous to the granting clauses in voluntary conveyances. The case now before us, presents, as to condemnation, much the same issue which, as to voluntary conveyances, was presented in the recent case of Aubert v. St. Louis-San Francisco Ry. Co., 207 Okl. 537, 251 P.2d 190. Therein, this court approved and followed the reasoning contained in the extensive annotation in 132 A.L.R. beginning on page 142. On page 144 of the annotation the conclusion is well expressed as follows:

"* * * If a deed to a railroad company contains nothing more than a grant of land, adequately described, the cases are practically unanimous in reaching the conclusion that it conveys a fee; but if such a deed contains

nothing more than the grant of a right, —they are equally unanimous in reaching the conclusion that it creates a mere easement over the land in question."

That same rule of construction is applicable to condemnation proceedings.

None of the condemnation proceedings in the instant case contradicts or is in conflict with the above quoted portion of the judgment of condemnation. All of said proceedings, viewed in the light of the discussed rules of construction, confirm the judgment of the trial court determining the estate owned by the railroad company in said premises, to be an easement and the estate of plaintiffs to be a fee estate in the minerals.

The judgment is affirmed.

JOHNSON, V. C. J., and CORN, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., dissents.