**M. D. SPRINGFIELD, Plaintiff in Error,**

v.

**CITY OF PERRY, Oklahoma, a Municipal
Corporation, Defendant in Error.**

No. 38692.

Supreme Court of Oklahoma.

Feb. 7, 1961.

Kenneth Reed, Perry, for plaintiff in error.

Judson H. Pierce, Perry, for defendant in error.

JACKSON, Justice.

The question presented for our decision is whether the defendant in error, City of Perry, acquired the fee simple title to the land involved in this action, by virtue of a certain condemnation proceeding in 1936, or a lesser interest which did not include the mineral estate.

The city's interest in the land was acquired in 1936 for a water reservoir site to be used in connection with its municipal waterworks system. Although the condemnation proceedings do not specify the statute under which they were brought, we think it is clear that they were founded on 11 O.S.1951 § 293. We quote the pertinent provisions of that Section, emphasizing the words connoting the quantum of the estate to be taken, as follows:

"Any municipal corporation within this State, *may purchase or condemn and hold the perpetual right to use* any lots or lands, either within or without the corporate limits of such municipal corporation, which the governing body of such municipal corporation shall determine by resolution to be necessary to be acquired by such municipal corporation for the location and building or enlargement at the time or in the future, of waterworks plant or plants, and every auxiliary part thereof, including reservoir site or sites to be flooded, and the lands adjacent thereto, and within six hundred and sixty feet of the margin of said reservoir at maximum high water; and also *any lands* which the governing body of such municipal corporation shall, by resolution, determine to be *necessary to be acquired* for the purpose of protecting any reservoir already constructed, or proposed to be constructed or enlarged, as a part of any such municipal waterworks plant or water supply, and the waters thereof, and the waters flowing therein or percolating or seeping thereto from possible contamination or pollution and policing the same; and such municipal corporation is hereby invested with the power of eminent domain for the purpose of *acquiring any such lands; * * *.*" (Emphasis added.)

The petition in the condemnation proceedings and the resolution of the governing body of the city, attached to the petition, employed the above-quoted language of the statute almost verbatim, including the words "purchase or condemn and hold the perpetual right to use" the land in question. The petition further averred that it was necessary for the city "to obtain the tract of land" for its waterworks system, and concluded with the prayer that the court appoint three commissioners to "assess the damage which said owner will sustain *by such appropriation* and that this plaintiff be authorized *to enter upon and take such property* hereinbefore described

*for use as hereinbefore described,* upon the payment of such damages as may be awarded; * * *."

The notice to the landowner, plaintiff in error herein, recited that, "having been unable to procure said lands from you by private purchase and, you having refused to grant to the said plaintiff said premises or your interest therein *for such perpetual right to use* the hereinbefore described land for the purposes hereinbefore set out," the plaintiff would apply to the court for an order appointing three commissioners "to inspect said real property and consider the injury which you as the owner thereof may sustain by reason of said dam, reservoir and flooding of the aforesaid lands, * * * and by *such appropriation of said lands,* * * *."

The order appointing commissioners directed that they consider the injury which the owners of the land "will sustain *by such appropriation,"* and that they separately assess the injury to the surface tenant, and "To the *owners of the residue of said property,* * * *."

The oath of office of said commissioners included the statement that they would consider the injury which the owner may sustain by *"the appropriation of said land for waterworks purposes,* * * *."

The commissioners assessed the damages to "the owners of the residue of said property", plaintiff in error herein and his wife, at $6,400, whereupon said owners objected to the award made because the amount was "far less than the value of the property taken," and demanded a trial by jury, "in order that the *value of the property taken* and the damage done them may be assessed by a jury." (All above emphasis ours.)

The jury fixed the owners' recovery at $8,000. The city filed motion for new trial and upon its being overruled, gave notice of appeal, but said appeal was abandoned and the sum of $8,000, plus court costs was paid to and accepted by the owners, without objection, exception or assertion of their right of appeal.

Plaintiff's principal contention in this appeal is that nowhere in the condemnation petition, resolution, notice, order appointing commissioners, oath of commissioners, or report of commissioners, are the words "fee simple" employed, and that the words used in said proceeding, "hold the perpetual right to use" said land for waterworks purposes, denote that a lesser estate than a fee simple was taken, which did not include the minerals. Plaintiff describes the quantum of the estate taken as a "use", as distinguished from a "fee", and asserts that the city was "merely seeking the 'use' of the land." No authorities are cited by plaintiff supporting this definition or connotation of the word "use".

In Rank v. (Krug) United States, D.C., 142 F.Supp. 1, 133, it is said:

"As previously indicated, care must be taken to avoid confusion in the term 'public use.' The term 'use', when used with reference to an exercise of the power of eminent domain, refers to the future intended purpose or use for which private property may be taken."

The title of the legislative act under which the condemnation proceeding was brought is, as follows:

"An act authorizing municipal corporations to *purchase or condemn and hold lots and lands, in fee simple,* for municipal waterworks, and the protection thereof from contamination and pollution, and prescribing the manner in which such land shall be designated and condemned, and declaring an emergency." (Emphasis added.)

In the body of the statute (11 O.S.1951 § 293), the corresponding language is, as follows:

"Any municipal corporation within this State, may purchase *or condemn and hold the perpetual right to use* any lots or lands, etc." (Emphasis added.)

In McQuillan Municipal Corporations, Third Edition, Section 32.108, it is said:

"No precise words in a statute are necessary to authorize the condemnation of a fee, and it is not necessary that the authority to take a fee be given in express terms."

We stated in Harn v. State, 184 Okl. 306, 87 P.2d 127, 131:

"That the estate sought was intended by the Legislature to be a permanent acquisition is hardly subject to doubt. 'There are no sacramental words which must be used in a statutory power to take and hold lands in order to give a right to take the lands in fee.' (citing cases)."

And in Farrar v. Cooper, 34 Me. 394, 397:

"A conveyance of the use of land, forever, is equivalent to a conveyance of the land."

 We are of the opinion that the word "use", when construed in connection with the title of the act, and as employed in the statute under consideration, refers to the intended purpose or use for which private property may be taken, and that the phrase, "hold the perpetual right to use" such land authorizes and imports the acquisition of a fee simple title, as a matter of legislative intention. It follows that the use of identical language in the condemnation proceeding may not be construed as indicating an intention to take a lesser estate than a fee simple.

In addition, the condemnation proceeding contained such words as "appropriation", "purchase or condemn", and "enter upon and take such property." In Harn v. State, supra, Jones v. Oklahoma City, 192 Okl. 470, 137 P.2d 233, 155 A.L.R. 375, and Meriwether v. Gulf Oil Corporation, Okl., 298 P.2d 758, 760, we said that such words as "appropriate", "purchase and condemn", and "take the land" denoted an intention to acquire the fee simple title.

In Meriwether v. Gulf Oil Corporation, supra, the legislative act under which the condemnation proceeding was instituted authorized the State "to acquire by purchase or condemnation" 16,300 acres of land for the purpose of having constructed a State lake thereon. The words "fee simple" do not appear anywhere in the act, nor in the condemnation proceeding as disclosed in the opinion. In the first paragraph of the syllabus, we held:

"Where it appears from the language of a statute that the Legislature thereby intended to appropriate the fee simple title in realty for the use of the State, and that such title is reasonably requisite to the designated use, condemnation proceedings suitably prosecuted to that end will pass the fee simple title to the State."

We find no language in the condemnation proceeding in the instant case indicating an intention to take a lesser estate than a fee simple.

The case of City of Cushing v. Gillespie, 208 Okl. 359, 256 P.2d 418, 420, 36 A.L.R.2d 1420, relied on by plaintiff, is clearly distinguishable. In that case, we held that where there were no words in the condemnation proceeding indicating an intent to take a fee simple title, and the court instructed the jury that "the city takes an *easement* on said land covered by water for waterworks purposes, merely," and that the jury should not consider the possibility of the existence of oil and gas under the land, the title to the minerals did not pass to the city by virtue of the condemnation proceedings.

In the instant case, in addition to the use of language in the condemnation proceeding which we have held connoted the taking of a fee simple title, and the absence of any language indicating an intention to take a lesser interest, the court expressly told the jury in its instructions that the city "will acquire the full and complete full fee simple title to said 160 acres of land," and that the defendants "will be divested of all title and interest therein." In its instruction on the measure of dam-

ages, the court told the jury that they should consider the evidence pertaining to oil and gas probabilities in determining the fair and reasonable market value of the land.

We think it clearly apparent that the jury, in fixing the amount of damages in the instant condemnation proceeding, considered that the full fee simple title, including the mineral estate, was being acquired by the city.

In Fischer v. Oklahoma City, 198 Okl. 22, 174 P.2d 244, 246, we said:

"If the owner does not contest the need for taking his land and does not question the estate taken, at least it is reasonable to assume that he waives the objections, 29 C.J.S. Eminent Domain note 49 and cases, p. 1189. If, in addition to making no contest in these respects, he actively participates in proving the value of the fee estate being taken from him, the record becomes stronger in favor of his acquiescence. The hearing was had March 18, 1942 and it was stipulated that the jury selected 'Should determine: the value of the fee simple title' to the land involved. This action was filed March 15, 1945."

■ The trial court properly received as evidence in this case the instructions given in the condemnation proceeding, which were a part of the record. Peerson v. Mitchell, 205 Okl. 530, 239 P.2d 1028, 26 A.L.R.2d 1362.

Martin v. City of Bethany, 199 Okl. 57, 182 P.2d 517, also cited by plaintiff, is distinguishable, in that the statute under which that proceeding was brought, 11 O.S.1941 § 276, dealing only with sewers, authorized towns to condemn private property for "public use, occupation or possession", and the decree used only the word "possession" in denoting the interest acquired by the city.

■ We conclude that the pleadings in the condemnation proceeding in the instant case, employing the identical language contained in the statute (11 O.S. 1951 § 293), the title of which authorizes municipalities to "purchase or condemn and hold lots and lands, in fee simple, for municipal waterworks," and containing no language connoting a lesser estate, and the instructions to the jury, resulted in the acquisition by the defendant in error, City of Perry, of the fee simple title in and to the land in question.

It follows that the trial court correctly adjudged that the former owners, plaintiff in error herein and his wife, were thereby divested of all right, title, and interest in and to said land, and that defendant in error City of Perry is the sole owner of said land in fee simple absolute, including the mineral estate.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.