Marvin ELLIOTT and Allie Mae Elliott, husband and wife; Charles Elliott and Elona Elliott, husband and wife; Frances Padgham and Wilbur Padgham, wife and husband; and Clara Orr and Earl Orr, wife and husband, Appellants,

v.

The CITY OF GUTHRIE, a Municipal corporation, Appellee,

and

Dallas POTEET, Appellant,

v.

The CITY OF GUTHRIE, a Municipal corporation, Appellee.

No. 61492.

Supreme Court of Oklahoma.

Sept. 16, 1986.

Paul Walters, Messrs. Spradling, Alpern, Friot & Gum, Oklahoma City, for appellants.

Richard Otto Burst, Sr., Guthrie, for appellee.

OPALA, Judge.

The single issue for our decision is whether the trial court erred in holding that the City of Guthrie obtained a fee simple estate rather than a surface easement in two prior condemnation proceedings. We answer in the negative.

In 1919 the City of Guthrie condemned[1] property [the Elliott Tract] to build a water reservoir. The petition names as defendants Eli Elliott and an oil and gas leaseholder, Prairie Oil and Gas Company.

Commissioners were appointed to assess the damages caused by the condemnation of defendants' land. The Report and Appraisal of Commissioners states that the "whole of said property is necessary" for Guthrie's waterworks improvements and assesses the injury to defendants.

Both the City of Guthrie and Eli Elliott objected to the Commissioners' award and demanded a jury trial. The jury reassessed the damages but the journal entry did not specify what title was taken.

In 1920 the City of Guthrie commenced a condemnation suit[2] against W.H. Poteet, Alenor Poteet and the Kniebel Investment Company, a mortgageholder. The condemnation proceedings against the "Poteet Tract" were substantially similar to the proceedings against the "Elliott Tract."[3] The journal entry was different in that it purports to vest in the City of Guthrie the "full right, title and use of the said described tract of land for the purposes aforesaid."

Appellants, successors in interest of the original condemnees,[4] who were unsuccessful below in their quest to quiet in themselves a fee simple title to the properties, call upon us now to "construe"[5] the terms of the prior condemnation proceedings and to determine that the quantum of estate taken by the City of Guthrie was less than the fee. Appellants do not bring this suit to object to the estate taken[6] nor do they

---

1. Case No. 2918, Dist.Ct., Logan County, State of Oklahoma.

2. Case No. 3132, Dist.Ct., Logan County, State of Oklahoma.

3. The City of Guthrie petitioned the District Court, Logan County, to appoint commissioners. The commissioners assessed the injury caused by the condemnation of defendants' land. Believing the award was too high, the City of Guthrie demanded a jury trial to decide the sole issue of damages.

4. *Elliott v. City of Guthrie*, Case No. C–82–157, Dist.Ct., Logan County, and *Oklahoma and Poteet v. City of Guthrie*, Case No. C–82–196, Dist.Ct., Logan County, Oklahoma, were consolidated in the district court.

5. The terms of the condemnation decrees in Case No. 2918 against the "Elliott Tract" and Case No. 3132 against the "Poteet Tract" are obscure and ambiguous on their face because the estate condemned is not explicitly set forth. We must construe the quantum condemned based upon the judgment roll. *Dickason v. Dickason*, Okl., 607 P.2d 674, 677 [1980]; *Knight v. Armstrong*, Okl., 303 P.2d 421, 424 [1956] and *Keel v. MFA Mutual Insurance Company*, Okl., 553 P.2d 160, 161 [1976].

6. Art. 2, § 24, Okl.Const., allows a judicial determination of the necessity of taking and of the nature of the estate taken when private property is condemned for public use. *Harn v. State*, 184 Okl. 306, 87 P.2d 127, 129 [1939] and *Fischer v. Oklahoma City*, 198 Okl. 22, 174 P.2d 244, 246 [1946]. The declaration can be obtained by following the procedure, prescribed in 66 O.S. 1981 § 55, which provides that a party must file written exceptions within 30 days of the filing of the Commissioners' Report. The failure to

seek to relitigate the quantum taken under the prior condemnation proceedings.[7]

■ To accomplish our task of construing or interpreting the prior condemnation proceedings, our inquiry is confined to the four corners of the judgment roll [8] to be examined in light of the applicable statute.[9] Thus we cannot consider the conduct of the parties subsequent to the condemnation decree or the real estate records that affect the subject tracts because these are matters outside of the condemnation proceedings' judgment roll. Nor may we, as appellants urge, review the most recent judgment, rendered by Judge McCallister and now before us for review, on the basis of the minute entry [10] posted upon the appearance docket. Our examination must be rigorously confined to record entries.[11]

■ Appellants contend the applicable statutes [12] authorized, but did not require, the City of Guthrie to condemn a fee simple absolute. Based upon *Ramsey v. Leeper* [13] we agree with appellants' first contention. The condemnation decree in *Ramsey* explicitly gave the city a fee simple and the issue was whether the statutes allowed such an estate to be taken. The court considered it clear that the legislature intended municipalities to have the power to take by condemnation a fee simple estate,[14] although the condemnation proceedings could have vested a lesser estate in the condemnor.[15]

Appellants next contend that since the applicable statutes authorized rather than

follow this procedure results in a waiver of the right to a hearing on the estate taken. *Blankenship v. Bone,* Okl.App., 530 P.2d 578, 580 [1974]; *Fischer v. Oklahoma City, supra,* and *Board of County Commissioners of Creek County v. Casteel,* Okl., 522 P.2d 608, 612 [1974].

7. Under the doctrine of collateral estoppel or issue preclusion, once a court has decided a necessary issue of fact or law, that issue may not be relitigated between the same parties or their privies in a suit upon a different cause of action. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415–416, 66 L.Ed.2d 308 [1980] and *Veiser v. Armstrong,* Okl., 688 P.2d 796, 800 [1984].

8. The judgment roll or record proper consists of " ... the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; ..." 12 O.S.1981 § 32.1, renumbered in 1972 from 12 O.S.1971 § 704, Okl.Sess.L.1972, Ch. 119 § 5 and *Mayhue v. Mayhue,* Okl., 706 P.2d 890, 895 [1985].

9. *Keel v. MFA Mutual Insurance Company, supra* note 5 at 161 and *Filtsch v. Sipe,* 198 Okl. 356, 178 P.2d 612, 615 [1947]. A judgment is presumed to be valid unless its terms cannot be construed to make it conform to the law. *Knight v. Armstrong, supra* note 5 at 424–425 and *Mayhue v. Mayhue, supra* note 8 at 893 and 894.

10. A minute entry unsigned by the judge is not a legally sufficient memorial of the trial court's ruling. *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 [1983]; *Wetsel v. Independent School District I–1,* Okl., 670 P.2d 986, 993 [1983] and *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 [1981].

11. Because neither the appearance docket sheets in a case nor minute entries other than those signed by the judge may be accepted by a reviewing court as a substitute for the judge's memorialized entries of the judgment or orders, the designation of these papers for their inclusion in an appellate record is improper and serves no purpose. *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 [1986]. Recitations in a memorialized entry signed by the judge (journal entry) will always control over any inconsistent oral statements made by the judge or over any inconsistency with the contents of a court minute. *Willis v. Aetna Life Ins. Co.,* 185 Okl. 647, 95 P.2d 608, 611–612 [1939] and *Showalter v. Hampton,* 122 Okl. 192, 253 P. 105, 106–107 [1927].

12. The law which in 1919 and 1920 governed the right of a city to condemn property for waterworks purposes was Revised Law 1910 §§ 473, 538 and 594.

13. 168 Okl. 43, 31 P.2d 852 [1934].

14. The court relied upon Revised Law 1910 § 538 as the last expression of the legislature to find that condemnation of a fee simple estate was contemplated. The terms of Revised Law 1910 § 538 provided in pertinent part:
" ... every city ... shall have the right and power to *acquire, own* and *maintain* ... real estate for sites and rights of way for public utility and public park purposes, and for the location thereon of waterworks...." [Emphasis ours.]

15. *Ramsey v. Leeper, supra* 31 P.2d note 13 at 862.

required a fee simple to be taken, the City of Guthrie must prove that the condemnation proceedings clearly show that Guthrie intended to acquire a fee and that a fee was acquired under the condemnation decree.[16] We cannot agree.

The decisions cited by the appellants are inapplicable to the posture of the case before us now. In the condemnation proceedings the appellants' predecessors in interest did not file written exceptions to the quantum sought to be taken.[17] Rather, jury trials were demanded in each case solely to determine the *value* of the estates taken. Since quantum was not at issue in either jury trial and the journal entry for the "Elliott Tract" did not indicate or even mention the quantum taken, we do not agree that we must construe the estate taken by resorting to the face of the condemnation decree.

■ Instead, the posture of the instant case before us requires that we construe the quantum taken in accordance with the ruling in *Harn v. State*.[18] In *Harn*, the

court found that when no written exceptions are filed, the Commissioner's Report serves to pass the title condemned. Further, the court found that a fee simple title was condemned if it appears that [1] the legislature intended to authorize an appropriation of the fee, [2] such title was reasonably requisite to the designated use and [3] suitable proceedings were prosecuted to that end.[19]

We now consider what estate was reasonably necessary to serve the public purpose.[20]

■ In the condemnation of both tracts of land in suit here, the Report and Appraisal of Commissioners contains similar language. In the Poteet condemnation it recites that " ... the City of Guthrie ... has located its waterworks improvements and extension upon the property hereinbefore described and that the *whole of said property is necessary* for the said purposes and that the *whole* of said property must be taken from said Defendants for said purposes." [21] [Emphasis added.] Appellants contend this statement does not

---

16. *Martin v. City of Bethany*, 199 Okl. 57, 182 P.2d 517, 519 [1947]; *Chicago Rock Island and Pacific R.R. Co. v. Morgan, Okl.*, 421 P.2d 268, 272 [1966] and *Missouri, K. & T.R. Co. v. Miley*, Okl., 263 P.2d 415, 417 [1953].

17. See footnote 6 *supra*.

18. Appellants contend *Harn, supra* note 6, 87 P.2d at 130, is inapplicable to the instant case because *Harn* was decided under a statute which required the condemnation of a fee simple estate. The material terms of the statute provided that "' ... [i]f, however, said Board be unable to agree with the owner or owners upon the purchase price thereof, then the Attorney General shall ... institute proceedings in condemnation to acquire such land *or part thereof* .... When such lands shall have been so acquired, or when, under such proceedings, the right to enter upon such lands shall exist, ...'" the Board shall use the remaining monies as may be necessary to pave and to beautify the land. [Emphasis added.]
We are unable to agree, on considering the language of the statute, that the condemning authority in *Harn, supra* note 6, could not take less than a fee simple estate. Rather we believe the court found that the purpose of acquiring land for the state capitol site required the passing of a fee simple and the condemnation proceedings were prosecuted with that end in view.

19. This test for determining the quantum of the estate condemned was also used in *Meriwether v. Gulf Oil Corporation*, Okl., 298 P.2d 758, 761 [1956]; *City of Cushing v. Gillespie*, 208 Okl. 359, 256 P.2d 418, 420 [1953] and *Springfield v. City of Perry*, Okl., 358 P.2d 846, 849 [1961].
Where a condemnation of the fee simple estate is authorized and reasonably necessary for the public purpose, such an estate will pass unless the condemnation pleadings indicate an intent to take a lesser estate. *Springfield v. City of Perry, supra* at 849; *Oklahoma City v. Cooper*, Okl., 420 P.2d 508, 513 [1966] and *Jones v. Oklahoma City*, 192 Okl. 470, 137 P.2d 233, 237, 155 ALR 375 [1943]. *City of Cushing v. Gillespie, supra*, is consistent with this statement though it is factually distinguishable. See footnote 28 *infra*.

20. Necessity is determined by the condition existing at the time of the taking. *Meriwether v. Gulf Oil Corporation, supra* note 19 at 761 and *Oklahoma City v. Cooper, supra* note 19 at 513.

21. Substantially similar language was relied upon in *Harn v. State, supra* note 6, 87 P.2d at 130 and *Meriwether v. Gulf Oil Corporation, supra* note 19 at 760, to find that a fee simple estate was reasonably necessary to serve the public purpose.

refer to the quantum of the estates being condemned but rather to the necessity of condemnation. Appellants also contend that since a water reservoir is built on top of land, only a surface easement is necessary. We find appellants' argument untenable. The plain language of the Commissioners' Report shows a fee simple absolute was necessary for the public purpose of building a reservoir.[22]

Since the applicable statutes contemplated the condemnation of a fee simple, and such estate was necessary for the designated use, we must affirm the trial court's ruling unless the condemnation proceedings show an intent to acquire a lesser estate.[23] An examination of the condemnation proceedings reveals three areas of dispute.

First, the petition for condemnation of the Elliott Tract names as defendants Eli Elliott and Prairie Oil and Gas Company, owners of an oil and gas lease. Appellants assert that condemning the leasehold was consistent with taking a fee as well as a surface easement. Appellants hypothesize that the City of Guthrie, to avoid subsequent conflicts, condemned the oil and gas leasehold without condemning the mineral estate.

■ From the record before us, we conclude the condemnation of Prairie Oil and Gas Company's leasehold shows an intent to acquire a fee simple estate. The Report and Appraisal of Commissioners states that the Commissioners considered the injury which defendants Eli Elliott and Prairie Oil

and Gas Company sustained by the condemnation of their property for waterworks improvements. The Report further provides that the whole of defendants' property was necessary for the waterworks improvements. This language demonstrates that the mineral estate was needed and indeed condemned for the purpose of building a water reservoir.

Second, while the condemnation proceedings do not expressly convey a fee,[24] they are replete with such words as "land," "real property," "appropriate" and "enter upon and take the real property." This language has previously been held to denote an intent to acquire the fee simple estate.[25]

Appellants correctly entertain the proposition that these key words, when coupled with language showing a clear intent to take less than a fee estate, convey the lesser estate.[26] In an effort to show that less than a fee simple was intended, appellants direct our attention to the petition which provides " ... said waterworks extension and improvements has been located in the manner which will be most compatible with the greatest public good and the least private injury." Further, the appellants assert that the single reference to the term "right-of-way" and the words "upon and over", which were used in the condemnation proceeding of the Elliott tract, show that an easement was condemned.

We are unable to agree with the appellants. This language alone, in light of the expressed necessity for the condemnation,

---

22. Concurrent use with other interest owners—surface and subsurface—of land occupied by public water works is not desirable because of the necessity of protecting the purity of the water. 3 Patrick J. Rohan, Nichols' The Law of Eminent Domain, § 11.207[4], pgs. 11–30 and 11.31 [3rd rev.ed.1985]. In an action to determine the quantum of estate in real property passing to a municipality under a condemnation decree whose construction must be effected from the four corners of its record proper, the court cannot assume from the face of an unsupportive judgment roll that the interest taken in lands condemned for a water reservoir stood restricted to a use patently inconsistent with, and potentially injurious to, the pleaded purpose for which the lands were acquired. *Knight*

v. Armstrong, supra note 5 at 424; *Filtsch v. Sipe, supra* note 9, 178 P.2d at 615 and *Springfield v. City of Perry, supra* note 19 at 849.

23. See footnote 19 *supra.*

24. The authority to condemn a fee need not be given in express terms. *Harn v. State, supra* note 6, 87 P.2d at 131 and *Springfield v. City of Perry, supra* note 19 at 849.

25. *Springfield v. City of Perry, supra* note 19 at 849; *Jones v. Oklahoma City, supra* note 19 and *Harn v. State, supra* note 6, 87 P.2d at 131.

26. *City of Cushing v. Gillespie, supra* note 19, 256 P.2d at 420.

does not show that the City of Guthrie intended to acquire less than a fee.[27]

Third, the journal entry in the condemnation of the "Poteet Tract" provides that " ... the City of Guthrie is hereby vested with full right, title, and use of the said described tract of land for the *purposes aforesaid."* [Emphasis added.] Appellants assert that the underscored words show a special purpose which limits the City of Guthrie's estate to an easement. The authorities they cited are clearly inapposite in the instant case.[28]

We conclude, on the basis of the judgment roll examined in light of the applicable statutes, that the City of Guthrie condemned fee simple estates in the real property here in controversy.

AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and LAVENDER, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

HODGES and WILSON, JJ., concur in judgment.

---

**27.** The terms cited by appellants fall far short of the level of proof found in *City of Cushing v. Gillespie, supra* note 19, where the court explicitly concluded the public did not require a fee simple and the jury was instructed that the mineral estate did not pass to the city.

**28.** In *City of Atlanta v. Fulton County,* 210 Ga. 784, 82 S.E.2d 850 [1954], land which was condemned for waterworks purposes was held to be an easement. The words, "for waterworks purposes," were descriptive of the extent of duration and therefore only an easement was acquired. *City of Atlanta* is not controlling here because the condemning authority only had the power to condemn an easement and not a fee

simple. *Sadtler v. City of Atlanta,* 236 Ga. 396, 223 S.E.2d 819, 820 [1976].

Further, *Kansas City Power and Light Company v. Kansas City,* 448 S.W.2d 612, 615 [1970] is not applicable because the court explicitly found that the land acquired for levee purposes was not necessary to accomplish the public purpose. Finally, *Marshall v. Standard Oil Co. of California,* 17 Cal.App.2d 19, 61 P.2d 520, 524 [1936] is not controlling here because the title to lands voluntarily conveyed to a city for a specific purpose is construed more strictly than title passing to lands acquired by eminent domain. See also *Slavich v. Hamilton,* 201 Cal. 299, 257 P. 60, 61 [1927] and *Spires v. City of Los Angeles,* 150 Cal. 64, 87 P. 1026, 1027 [1906].