BENJAMIN LOUGHBRIDGE, plaintiff in error, *vs.* W. G. HARRIS, defendant in error.

When in an action brought to recover damages for the overflow of land by the erection of a mill-dam, the defendant pleaded in bar the *award* of appraisers under the Act of 1869, and tender of payment, etc., and the Judge sustained the demurrer to the plea, etc:

*Held*, That the Act of 1869, which extends the provisions of the fourth section of the Act to incorporate the Zɔbulon Branch Railroad Company (1851–52,) to all manufacturing companies and individuals, whether corporate or not, provided such company or individuals own

Loughbridge *vs.* Harris.

both banks of the stream upon which the mills are to be erected, etc., and provides for the assessment of damages for such taking of lands as may be necessary, is unconstitutional in its provisions, as applied to individual owners of mills in this State.

*Held, again,* Under Article III., Section 5, part 1, of our present Constitution, and the grant of power to the Legislature to take private property for public use, that the exercise of this power is one over which the judiciary have jurisdiction to prevent its abuse. And to authorize the taking of private property by legislative Act, two things must concur :

1st. It must be taken for public use only.

2d. It must be taken only upon provision for just compensation, except in urgent and extraordinary cases. And while we recognize the right of the Legislature to determine the necessity of the act, and when it is constitutionally exercised, and when it is for the public use, and provision for just compensation has been made, yet this is not a power which the Legislature can delegate to individuals, to erect mills or manufactories anywhere at their option, and in their judgment take private property for their use ; and we do not think a mill, although it has some of the attributes of public use, and is regulated by law for certain defined purposes, can be regarded *such public use* as the Constitution recognizes, to authorize the exercise of this great constitutional power.

Private Property for Public Use.    Mills.    Before Judge PARROTT.    Murray Superior Court.    May Term, 1870.

Harris sued Loughbridge for backing the Conasauga River upon his land.

Loughbridge pleaded that he owned land on both sides of the river below Harris, was erecting a mill-dam, which rendered such overflow necessary, that Harris refused to have his damages appraised as provided by Act of 19th of March, 1869, when he proceeded to have it done as therein provided, tendered Harris the amount assessed and he refused to accept it, and that he was ever ready to pay said amount.    Upon demurrer, the Court dismissed said plea. That is assigned as error.

D. A. WALKER, J. A. W. JOHNSON, for plaintiff in error. Constitution of 1868 does not prohibit taking private prop-

erty for public use without compensation. Eminent domain, and when and by whom exercised: R. Code, secs. 2196, 2197, 2198; 9th Ga. R., 341, 344, 354-5; 9th, 41; 2 Kent's Com., 341; 3d Ga. R., 338; 1st Redf. on R. Ways, 258. Mills are for public use and regulated by law: R. Code, secs. 1466, 1467, 1468.

McCamy & Shumate, for defendant. Act of 1869 void because it does not provide for just compensation: 30th Ga. R., 43; 37th, 113; 33d, 556, 629; 11th Leih. R., 78; U. S. Const., Art. V. Compensation must be paid before property taken: 1 Kent's Com., 339 and note; 26th Wend. R., 497; 3 Howard's Miss. R—Thompson vs. G. J. R. R. Co.; 1st Kelly, 530; 9th Ga. R., 341; 19th, 479; 33d, 556, 629. Act contains matter not in title: Constitution of Ga., 1868, Art. III., Sec. 4, p. 5; 12th Ga. R., 43; 4th, 26. Eminent domain delegated to individual void: 1st Bl. Com., 339.

Lochrane, C. J.

This was an action on the case brought by Harris for the overflow of water upon his land, caused by the mill-dam erected by Loughbridge. When the case came on for trial, the Judge below sustained the demurrer to the plea filed by the defendant, under the Act of 1869, in bar of the action. There is no question as to the merits of the case before us.

The naked question is the construction of the Act of 1869. That Act is entitled "An Act to encourage and protect the building of mills and other manufacturing establishments in this State." This Act provides that the provisions of the fourth section of an Act to incorporate the Zebulon Branch Railroad Company, shall be extended to all manufacturing companies and individuals, whether corporate or not, provided the company or individual owns both banks of the stream upon which the mills are to be erected, and amends the Act by substituting the Ordinary of the county where the land lies for the Justice of the Inferior Court, and limits

the amount of damage done to land owners to that occasioned by the overflowing of water by such mill, etc. The Act of which this Act was amendatory, is found in Acts 1851–2, page 138, and provides for the taking of such strips of land as may be deemed necessary for the construction and convenience of the railroad. It also provides for the assessment of damages by the selection of certain appraisers in case of disagreement, whose award is to have the effect of a judgment, and may be enforced by execution, with the right of appeal, etc.

The parties in this case, by their plea, set up the award of the appraisers and tender of the damages. To this plea the plaintiff demurred. The Court sustained the demurrer, and thus the validity of the Act of 1869 is directly brought in question by the pleadings and judgment. Article III., section 5, part 1, of our present Constitution, confers large powers upon the General Assembly of this State; and the argument is, that the Legislature, in the exercise of this plenary power, had full and unquestioned constitutional authority to pass the Act in question; and, inasmuch as the power to grant is vested with them, the right will not be abridged by any judicial interference.

It is not our purpose to enter into any elaborate discussion of the constitutional questions involved, at least, not farther than to lay down the principles of law which we hold applicable and important to the decision of the question. It is a doctrine of immutable justice that cannot be controverted or disregarded, that to appropriate property by legislative act, two things must occur:

First, it must be taken for public use; and, second, it must be taken only upon just compensation, except in extraordinary and urgent cases, arising out of the protection or safety of the people, which constitutes an exception to the general rule. This principle comes to us as an inheritance of the common law, and forms a part of our social polity. Outside of the national constitutional provision on this subject, we

find the doctrine implanted in our fundamental principles: "No person shall be deprived of property without due process of law." And when the Legislature solemnly enacts the appropriation and provides for the compensation, being the act of the law making power, it is under process of law. But the power must be exercised, by the Legislature, under the two limitations referred to. The requirement must be for public use and the compensation must be provided.

It has been argued by the distinguished counsel in this case, that the policy of the law, inferred from the omission of an inhibitory clause in the Constitution of 1868, upon this subject, is evidently to grant greater powers to the government than those heretofore conferred. We cannot consent, by inference, to the concession of any such intention by the people. Governments grow strong, generally, by encroachments upon the rights of the citizen, and the history of legislative resistance is only marked by the ineffectual struggles of minorities. And if Courts abandon the field to the unfettered license of power, then all the safeguards are swept away, and popular sentiment construes the covenants of liberty.

Who shall decide what constitutes the public use, embraces more than lies upon the surface of the question. For, while it is delegated to the law-making power to pass primarily upon the question, this delegation is not absolutely and unconditionally given, but is made subordinate to great principles of right and justice, over which the judiciary, removed from the pressure of impulsive public opinion, holds the constitutional checks so wisely and well incorporated into the contract of the government and the governed.

We recognize the right, constitutionally exercised, of the Legislature to adjudge the exigencies requiring the exercise of the power; and when the public use require it, and provision for just compensation is made or provided for, Courts will maintain the proprieties and legality of the act.

But, as arises out of the record in this case, when the Leg-

Loughbridge *vs.* Harris.

islature delegates to any individual, for purposes of erecting a mill or manufacturing establishment, at his option and in his judgment, the right to take the property of another to his own use, we cannot hold that such an exercise of the right recognized is constitutional.    We need not go into the history of mills and the special laws governing them.    The objection to the Act arises out of the abuse of the power in such general legislation.    The power is delegated to the Legislature, in the particular case, under the constitutional requirements, and cannot be by them delegated to individuals to exercise.    The power is one of eminent domain, held by the people, to be used for the people; and when the Legislature clothes individuals with the right to assert it and take private property for such use under it, Courts cannot recognize such an act as coming within the pale of constitutional authority.

We are not unaware of the fact that mills are in a general sense for the public; that their tolls are regulated by law, and the manner of rotation among customers regulated.  But in our opinion such use is not, in the contemplation of the law of the land, such public use as authorizes the appropriation of private property, and particularly within the Act of 1851–2.  And we therefore affirm the judgment of the Court below sustaining the demurrer to the plea under the facts in this case.

Judgment affirmed.