GEORGIA GRANITE RAILROAD CO. *v.* VENABLE *et al.*

1. Where it was claimed that there were certain irregularities in a proceeding by a railroad company to condemn property for a right of way, but the parties agreed to waive them and proceed with the assessment, which was done, on appeal from the award of the assessors to the superior court it was error to dismiss the proceedings, on motion, on account of such irregularities, although it was also agreed that any question might be raised on the appeal trial which might have been made before the assessors.

2. Although in such a proceeding the notice stated that it was desired to condemn a right of way, with the fee simple in the land, the statute would attach to such proceeding the restriction that the company would only acquire such an interest as would be necessary for the exercise of the franchise and the conduct of the business, with a reversion to the owners, their heirs and assigns, if the property should cease to be used for conducting the business.

3. If the notice stated that it was desired to condemn a fee-simple estate in the land, upon appeal an amendment could be made, stating that it was a proceeding under the statute, and that it was really desired to acquire by condemnation such interest as the statute authorized, reciting it.

4. The award of the assessors could not be amended by mere act of one of the parties. If amendable at all, it could only be done by the assessors themselves, by permission of the court.

5. It was unnecessary to amend the assessment in the respect indicated above, after appeal from it.
6. It was also competent to amend by alleging that after the assessment the company had tendered, and the landowners received, the amount of the award. Under the statute this did not prevent the appeal, but waived any mere irregularity in the notice or the assessment.
7. Where the notice recited previous negotiations for a fee-simple interest in the land sought to be condemned as a right of way, an amendment could be made, on appeal to the superior court, reciting that negotiations had been attempted to obtain a right of way only, and that the owners had refused to negotiate at all.

Argued May 29,—Decided August 16, 1907.

Appeal from condemnation proceeding. Before Judge Roan, DeKalb superior court. September 9, 1906.

The Georgia Granite Railroad Company desired to condemn a right of way through certain land of W. H. and S. H. Venable. It issued a notice, under the statute, for the purpose of commencing condemnation proceedings, dated March 17, 1904. It recited, that "Whereas the Georgia Granite Railroad Company (a railroad company duly incorporated and organized under the laws of said State) has endeavored to enter into contract with you by which it would procure from you a right of way one hundred feet in width, with title in fee simple to the land embraced therein, as hereinafter described, and offered to pay you a just and adequate compensation for said land; and whereas you not only refused to fix a price on said land, but positively refused to entertain any offer whatever," therefore notice was given that the right of way would be condemned, referring to the route located in its charter and the petition therefor on file in the office of the secretary of State. It was stated that "said railroad corporation seeks to condemn a right of way, with the fee therein, one hundred feet in width across your land as hereinafter described, for its railroad." Then followed a description of the strip of land one hundred feet in width, a statement that an assessor named had been appointed by the company, and a request that the landowners appoint one also, to meet with him on the premises on April 5, 1904, to proceed with the condemnation. Service was acknowledged on April 4, with a statement that the landowners declined to appoint an assessor, denying that the railroad company had a right to condemn the property sought to be condemned. Notice of this fact was given to the ordinary, who

appointed an assessor to act for the landowners. The person so appointed declined to act, and upon notice the ordinary appointed another, who accepted. The two assessors then named a third assessor, who agreed to act. The landowners filed a protest on the grounds that they had no notice of the appointment of the second assessor for them; that the third assessor selected by the other two was not impartial, and could not do them justice, on account of ill will existing toward them; that the notice was not filed within the time prescribed by law; that there was no authority of law for the condemnation of a right of way for a private railroad, and that this was such a railroad, organized and being built purely for the purpose of serving private interests, and not for the purpose of serving the public at large. Subsequently an agreement was entered into between the parties, reciting briefly what had previously transpired, and stating that the landowners desired to select an assessor in place of the one whom they deemed hostile to them. It was agreed, "that any and all irregularities should be waived, and that said hearing of the 30th inst. shall be held and considered in all respects as a meeting duly held in pursuance of the statute for such cases made and provided." It was also agreed that the two other assessors should be requested to select a person named by the landowners, and that the three should meet, "qualify, and proceed to hear and determine the matters included in said proceeding, according to law, in all respects as though they had been selected, and the hearing had, as provided by the statute for condemnation of private property, all irregularities of any sort being waived; it being the purpose of the parties to comply with the statute relative to condemnation of private property, and to waive any irregularities that may have occurred or shall occur in the proceedings." The objectionable assessor resigned, and another, who was apparently satisfactory, was substituted in his place. An award was made, and an appeal to the superior court entered. It was further agreed that "appellants can, on the trial of the appeal, raise any question that they could have raised before the assessors." The court passed an order reciting that the agreement "contemplated that said case should be tried in this court without objection by either party, on any issue that could have been made before the arbitrators."

When the case came on for trial, one of the landowners had

died, and his executor was made a party in his stead. He and the other landowner moved to dismiss the proceedings, on the grounds that they showed on their face that the Georgia Granite Railroad Company is not authorized by law to condemn the property sought to be condemned; that it was seeking to condemn an absolute or fee-simple estate in the land, which the law did not authorize; that, as a condition precedent to condemning private property for public use, it must appear that the person seeking to condemn has been unable to secure by contract or agreement the property which he has a right to condemn; and that it affirmatively appeared that the only effort made to procure the lands was an effort to procure an absolute fee-simple title thereto, and not an easement. The company moved to amend the proceedings by striking from the original notice any and all words showing an effort to condemn a fee-simple interest, and substituting therefor the statement, "such interest as will enable said company to use said property for railroad purposes during the period of its charter, or any renewal thereof." Also, by striking from the award of the assessors words indicating that a fee-simple estate was condemned and inserting the words, "a right of way for railroad purposes during the period of the charter or any renewal thereof." It was further sought to add by amendment a statement that, before the condemnation proceedings were instituted, the company sought to agree with the landowners upon a mere right of way and use, solely for railroad purposes, of said strip of land, and the owners refused to agree upon any compensation for any use and to any extent of said strip for railroad purposes; and that, after the award was made, the company tendered to the owners the full amount of the award made by the assessors, and the same was accepted by them. The amendment was rejected, the proceedings were dismissed, and the company excepted.

*Candlers, Thomson & Hirsch,* for plaintiff.

*J. D. Kilpatrick* and *J. W. Moore,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. After the proceedings to condemn were in progress, and it had been claimed that there were irregularities, it was agreed between the parties that they should be waived, and that the hearing should be had before the assessors. If the notice of the intention

to condemn was not duly served, or if it was more extensive in describing the interest sought to be condemned than it should have been, these things at most were irregularities, and, under the terms of the agreement, were waived. Nor was this altered by a subsequent agreement, after the appeal, that the appellants might on the trial raise any question that they could have raised before the assessors. After having waived all irregularities, they could not have raised this question before the assessors. 2 Lewis, Em. Dom. (2d ed.) §§ 362, 541.

2. The notice served by the railroad company stated, in one part of it, that the company desired to condemn a right of way one hundred feet in width, with title in fee simple to the land embraced therein; and in another, that it was seeking to condemn a right of way with the fee therein. It was contended that, under such proceedings, the company could not acquire a fee-simple title, and that this statement in the notice rendered it void. Under the statutes in some States, it has been held that a railroad company acquired a fee in the land condemned for a right of way, subject to revert to the owner or his heirs if the land should cease to be used for the purposes for which it was condemned. Under other statutes the interest condemned has been held to be a mere easement. Under still others, the condemnation is said to vest complete title. Generally, in construing a statute authorizing the taking of private property for public use, it will not be implied that a greater interest or estate can be taken than is necessary to satisfy the language and object of the act; and if the constitution and statute are both silent on the subject, usually only an easement can be taken. If the statute declares the amount of interest which can be acquired, it will control. 13 Cyc. 1020, 1021, and notes. In the general law for the incorporation of railroads in this State, codified mainly from the act of 1892 (Acts 1892, p. 42), occur certain expressions from which it might be argued that the condemnation by a railroad company for a right of way carried something more than a mere easement. Civil Code, §§ 2167 (3), 2170. Where the condemnation is merely to allow one railroad to use in part the right of way of another, it would seem clear that the condemning road could acquire no more than an easement. The first road to condemn would not acquire a fee-simple, indefeasible title, and the second, in condemning the right

to use a part of its right of way, would apparently obtain only an easement.   Civil Code, §§2167, 2170.

In 1894 (Acts 1894, p. 95, Civil Code, §§4657 et seq.) an act was passed providing for the method of condemnation of property and assessment of damages by all corporations or other persons authorized by law to take or damage private property for public purposes.   This does not confer the right of condemnation where it does not otherwise exist, but regulates the manner of exercising the right, and provides the extent of the interest which shall be acquired.   It is applicable to a variety of persons, natural or artificial.   Civil Code, §4685.   In respect to most, if not all of these, an easement is all that is necessary and all that is acquired by condemnation.   Thus it has been held that a telegraph company condemning a part of a right of way of a railway obtained merely an easement.   *Atlantic Coast Line R. Co.* v. *Postal Telegraph-Cable Co.,* 120 *Ga.* 268 (48 S. E. 15).   The Civil Code §4683, provides, that, upon condemnation and payment, the corporation or other person "shall become vested with such interest in the property taken as may be necessary to enable the corporation or person taking to exercise their franchise or conduct their business; and whenever the corporation or person shall cease using the property taken for the purpose of conducting their business, said property shall revert to the person from whom taken, his heirs or assigns."   Under this law, whether a railroad company can obtain by condemnation a fee defeasible upon ceasing to use the property for the purposes of its business, or a mere easement, it is unnecessary to decide.   Certain it is that the condemnation does not vest in the company a fee-simple estate, but that the reversion provided for in the section just quoted attaches itself as a condition of the law.   A railroad seeking to condemn under this law can not acquire an indefeasible fee-simple estate, although it may seek to do so.

The notice of intention to condemn showed that it was a proceeding to have compensation assessed and determined "as provided by the law of said State."   The law of the State on the subject is that to which reference is made above.   Although the notice stated that it was desired to condemn a fee-simple estate or "a right of way, with the fee therein," the amount of interest which would be acquired is limited by the law, whether distinctly

stated in the notice or not. It did not, therefore, render the proceeding void because the notice referred to the acquirement of the fee instead of such interest as might be necessary for the conduct of its business, as the law provides. The law would prevail over the notice, as to the extent of the interest obtained by condemnation. At most, describing the estate which the company desired to obtain by condemnation as a fee or fee simple was an irregularity. In a somewhat similar case it was said that the condemning company would acquire at least an easement. Gurney v. Minneapolis etc. Co., 63 Minn. 70 (30 L. R. A. 534, 65 N. W. 136).

3-6. When objection was made to the statement in the notice that it was desired to condemn a fee-simple interest, the company proposed to amend the notice so as to show that it was desired to condemn such interest as the statute authorized. It was proposed to amend not only the notice but also the award of the assessors, for that purpose; and to state that, before the condemnation proceedings were instituted, the company had sought to agree with the landowners upon a mere right of way and use of the strip of land described, for railroad purposes, and that the owners refused to agree upon any compensation for any use of the strip for railroad purposes; and also by alleging that, after the award, the company had tendered to the landowners the full amount thereof, and it had been accepted by them. The proposed amendment was rejected. The award of assessors could not be amended by the mere act of one of the parties; but the case was on appeal in the superior court, and the award was no longer binding, but was like the judgment of an inferior tribunal from which an appeal has been taken.

If the notice served on the landowners for the purpose of commencing condemnation proceedings was void, and objection was duly made, it could not be amended after the assessment and appeal so as to make it valid. The notice is the commencement of the proceeding. If such proceeding has not a valid basis at its beginning, it can not be amended into validity after the assessment, by an amendment seeking to relate back and furnish a lawful basis, where none existed before. But if the proceeding was valid, even though irregular, upon appeal in the superior court we know of no reason why such an amendment could not be made

as merely to concede that the fee-simple title could not be condemned, and to show that the company would only claim by condemnation the amount of interest in the land which the statute would give them. This is different from an effort on the part of the company seeking to condemn to ratify a notice which was unauthorized when given. *Bridwell* v. *Gate City Terminal Co., 127 Ga.* 520 (56 S. E. 624). In *Savannah Railway Co. v. Postal Telegraph-Cable Co.,* 115 *Ga.* 554 (3) (42 S. E. 1), the right of amendment as to mere description of the property sought to be condemned was recognized.

The Civil Code, §4669, declares that the notice shall describe the property or franchise and the amount of interest therein sought to be condemned. No reason appears why a mere misdescription could not be amended on appeal. Especially so after waiver of any irregularity.

Nor do we see why an amendment could not be made to the pleading, so as to allege that the landowners had received the amount awarded by the assessors. An owner can not receive and hold money under an award, and on appeal dismiss the proceedings for irregularity. Such receipt and holding would itself operate as a waiver, and leave for determination the question of the proper amount of damages or compensation to be assessed. Civil Code, §4680.

7. The notice of an intention to condemn stated that the company had endeavored to buy the strip of land described, for the purpose of a right of way. While the case was pending on appeal in the superior court, an amendment was offered, stating that the company had endeavored to obtain a right of way only and the use for railroad purposes and that the owners had refused to agree upon any compensation for any use or to any extent for such purposes. We do not see why this could not be done. A recital of preliminary negotiation in the notice is not a jurisdictional or unalterable statement.

*Judgment reversed. All the Justices concur.*