CITY OF ATLANTA *v.* JONES *et al.*

1. Where condemnation proceedings are had under the statute, upon the payment of the amount of the award found by the assessors and the final judgment on appeal, the condemnor becomes vested with such interest in the property taken as may be necessary for the exercise of the franchise or conduct of the business; and whenever the condemnor shall cease using the property for the purpose for which it was acquired, it reverts to the person from whom it was taken, his heirs, or assigns.

2. Where such condemnation is had for a public purpose, under the power of eminent domain, the person whose property is condemned is not re-

quired to make any deed or conveyance to the condemnor. He may stand upon. the statutory regulation as to the extent ·of the estate acquired by condemnation and the reversion in case of abandonment.

3. If, instead of so doing, he makes a deed to the condemnor on account of benefits or advantages which he anticipates will flow to him, the rights of the parties with respect to reversion on abandonment will not be determined solely by the statutory result of condemnation, ·but by the terms of the conveyance.

4. Where a municipal corporation instituted proceedings to condemn a strip of land with a view of opening a street, and the owner of the tract of which such land formed a part made a conveyance to the city in fee simple, the inclusion in the deed, in connection with the description of the land, of the statement that "the land condemned by the assessors duly appointed for that purpose to be used in extending [a named street] from its present terminus westward .to [another named] street," did not constitute a condition subsequent authorizing a forfeiture, a cancellation of. the deed, or a recovery of the land by the grantor, upon the ground that the city had abandoned the extension · of the street.

5. An equitable proceeding instituted by the maker of a deed for the purpose of cancelling it, on the ground of fraud, breach of condition, or the like, is not strictly a proceeding to remove a cloud upon a title, or governed in all respects by the rules applicable to cases of that character.

NOVEMBER 18, 1910.

Petition for cancellation. Before Judge Bell. Fulton superior court. October 29, 1909.

*J. L. Mayson* and *W. D. Ellis Jr.,* for plaintiff in error.

*Edgar Watkins* and *Frampton E. Ellis,* contra.

LUMPKIN, J. E. H. Jones and D. G.. Jones brought an equitable petition against the City of Atlanta, making, in brief, the following case: On September 3, 1894, they were the owners in fee simple of a certain lot. The city undertook to extend one of its streets, and for that purpose instituted condemnation proceedings. A portion of the land of plaintiffs was condemned. The award of the appraisers fixed the damages at $425. This was very small, but the plaintiffs acquiesced in it on account of the public interest involved in the opening· of the street. They made· a deed to the city conveying the property. It contained the following clause in connection with the description: "The land condemned by the assessors duly appointed for that purpose to be used in extending Alabama street from its present terminus westward to Rhodes street." The city claimed and represented that the property was desired by it for use as a public street. The assessors considered the consequential benefits which would arise to the plaintiffs from

the opening of the street, and made the award smaller in that way. Recently the plaintiffs have learned that the city has abandoned the opening of Alabama street. They are ready to return the amount of the award which was paid by the city, with interest thereon, or such amount diminished by the rental value or mesne profits of the property, which they claim they should have the right to recover. In equity the property should be restored to them, and they should recover mesne profits. The deed operates as a cloud upon their title. They pray for the cancellation of the deed, for an accounting for the rents. and profits, and for general relief. The court overruled a demurrer, and the defendant excepted.

Where, under the power of eminent domain, condemnation proceedings are had for a public purpose, the condemnor, upon payment of the award, becomes vested with such interest in the property taken as may be necessary to enable the corporation or person taking to exercise the franchise or conduct the business; "and whenever the corporation or person shall cease using the property taken for the purpose of conducting their business, said property shall revert to the person from whom taken, his heirs or assigns." Civil Code of 1895, § 4683. Under such proceedings, the person whose property is condemned is not required to make any conveyance to the condemnor. The award, and payment of the amount fixed, is all that is necessary. The amount of interest acquired, the time during which it extends, and the reversion upon cessation of use, are determined by the statute. If the landowner does not see fit to rely upon the proceedings to condemn and the statutory results flowing therefrom, but makes a deed conveying his land in fee simple to the condemnor, he can not complain that he has conveyed a greater estate than the law would have required, or that the results of his deed are to be determined by the law of conveyancing, and not by the law of condemnation.

Here it appears that the plaintiffs did not stand upon the condemnation proceedings and the legal results which would have flowed therefrom, but, on account of advantages which they anticipated from the street, and on payment of the award, made a deed to the city conveying a part of their land, apparently in fee simple (no lesser estate being mentioned as conveyed). The effect of such a deed is not to be measured by the effect of the condemnation proceedings alone.

It was contended that a reversion of the land to the grantors, upon the abandonment of the street, resulted from the following clause in the deed: "The land condemned by the assessors duly appointed for that purpose to be used in extending Alabama street from its present terminus westward to Rhodes street." The amendment to the petition stated that this was used "in describing the land." This clause in the deed did not constitute a condition subsequent, authorizing the recovery of the land upon its breach. The law does not incline to construe conditions or covenants so as to work a forfeiture. Civil Code, § 3137. The language of the deed constituted a covenant, rather than a condition subsequent. Where an owner of land conveys it to a city, and states in the deed that it is to be used for a specified purpose, he may have such an interest as to prevent its sale or diversion from that purpose to others, or perhaps he may have an action of covenant. But such language alone does not create a condition subsequent, on breach of which a forfeiture results and the original owner may recover the land. Devlin on Deeds (2d ed.), 978 and notes; Warvelle on Real Property (2d ed.), § 317; *Thompson* v. *Hart*, 133 *Ga.* 540 (66 S. E. 270). It may be thought by many laymen that such language creates a condition subsequent, but it is well settled in law that it does not do so. If parties desire that a forfeiture shall result, or that an estate shall terminate because of the breach of a covenant or failure to use the property for the purpose mentioned in the deed, they should so state.

If the maker of a deed is entitled to have it cancelled and to free his land from the results of the conveyance, on account of fraud, breach of condition, or the like, this does not present the case of a mere removal of a cloud from a title. The contentions as to what would be necessary in an action of the latter character, are not relevant in a case arising out of facts of the kind first mentioned.

The allegations of fraud amounted to nothing. It was alleged that the city represented that it intended to extend the street; but there was no statement that this was untrue. Subsequent abandonment does not imply precedent fraudulent representation of intent.

For the reason, above stated, the petition was subject to general demurrer. The other grounds of demurrer require no discussion.

*Judgment reversed. All the Justices concur.*