18581. CITY OF ATLANTA *v.* FULTON COUNTY *et al.*

HAWKINS, Justice. The City of Atlanta filed a petition in the Superior Court of Fulton County to register certain land located across Pryor Road from Lakewood Park, in Fulton County, the property being uninclosed vacant land, which was at one time used by the city in connection with its water works. The petition was referred to an examiner for proceedings in conformity with the Land Registration Act. Fulton County filed an answer, setting up claims for certain taxes, none of which are disputed if the title is vested in private parties and not in the city. The examiner made a preliminary report, which he filed May 12, 1951. On May 30, 1951, heirs of N. B. Harden, former owner of the land, filed an answer, in which they denied generally the right of the city to register the title in its name, and prayed that the property be registered as the property of the defendants named therein, which answer was later amended. Thereafter, the examiner found in favor of the city, and the heirs of Harden filed exceptions of law and fact. The case was heard by the trial judge without the intervention of a jury, and he reversed the examiner. The appeal here seeks to review and reverse the judgment of the trial judge decreeing title to be in the heirs at law of N. B. Harden. *Held:*

1. It is undisputed that N. B. Harden acquired title to the property August 7, 1863, and that on November 12, 1874, pursuant to proceedings to condemn the land "for water works purposes", he was awarded $1,522. There was no deed of conveyance from Harden to the city. The city went into possession, and used the land for a number of years for the purpose of enlarging its lake and reservoir used in connection with its water works plant for the purpose of furnishing water to its citizens. As was held in *City of Atlanta* v. *Jones, 135 Ga. 376 (2) (69 S. E. 571),* "Where such condemnation is had for a public purpose, under the power of eminent domain, the person whose property is condemned is not required to make any deed or conveyance to the condemnor."

2. Where, as here, it is stipulated by the parties that: "The Board of Water Commissioners of the City of Atlanta brought condemnation proceedings . . . to condemn said land for water works purposes," and that "Said land has heretofore been abandoned for water works purposes by the City of Atlanta and the city no longer uses such land for such purposes and does not intend to use such land for such purposes in the future," the contention of the city "that by virtue of the

aforesaid condemnation it acquired fee-simple title to the land in question for all purposes" is not sound, for, as was said in *Western Union Telegraph Co.* v. *American Union Telegraph Co.,* 65 *Ga.* 160, 163 (2) (38 Am. R. 781): "The exercise of the power of eminent domain, granted . . . for certain specified uses, for the benefit of the general public, was never for a moment considered to imply the right . . . by contract to convey this property, thus condemned to the public use, to another company for its exclusive interests, and in antagonism to the public interest."

(*a*) While the record is silent as to what the city intends to do with the property, it is clear from the stipulation stated above, that it is seeking, by this land-registration proceeding, an adjudication that it acquired fee-simple title to the land in question not merely for "public purposes," but for "all purposes." At the time the charter provision in question (Ga. L. 1874, p. 113, § 44) was enacted, § 2222 of the Code of 1873 provided: "The right of eminent domain is the right of the State, through its regular organization, to reassert, either temporarily or permanently, its dominion over any portion of the soil of the State . . . and in time of peace the Legislature may authorize the appropriation of the same to public purposes. . ." Section 2223 of the same Code provided: "It is the province of the Legislature to judge of the exigencies requiring the exercise of this right, but if, under the pretext of such necessity, the property of one is taken for the private use of another, the Courts should declare the law inoperative." It was held in *Parham* v. *Justices of Inferior Court of Decatur County,* 9 *Ga.* 341 (4): "The Legislature must judge of the necessity or utility of the exercise of the right of eminent domain for public improvements; but in case of gross abuse of it, as when, under pretext of public utility, the property of A is taken and given to B, the Courts will interfere and set aside the law." In *Loughbridge* v. *Harris,* 42 *Ga.* 500, it was "Held, again, Under article III, section 5, part 1, of our present Constitution and the grant of power to the Legislature to take private property for public use, that the exercise of this power is one over which the judiciary have jurisdiction to prevent its abuse. And to authorize the taking of private property by legislative act, two things must concur: 1st. It must be taken for public use only. 2nd. It must be taken only upon provision for just compensation." See also *Housing Authority of the City of Atlanta* v. *Johnson,* 209 *Ga.* 560 (74 S. E. 2d 891).

3. While the City of Atlanta charter provision here under consideration (Ga. L. 1874, p. 113, § 44) provides that the sum allowed in the condemnation proceeding shall be "in full compensation for the property so required, or for the damages sustained, as the case may be, . . . and thereupon the Mayor and general Council of the City of Atlanta shall become seized, in fee simple, of such property so required," as was said in *Georgia Granite Railroad Co.* v. *Venable,* 129 *Ga.* 341, 345 (58 S. E. 864), "in construing a statute authorizing the taking of private property for public use, it will not be implied that a greater interest or estate can be taken than is necessary to satisfy the language and object of the act"; and where, as in this case, the land was condemned by the Board of Water Commissioners "for water works purposes," fee-simple title "for all purposes" was not necessary to satisfy the

object of the act. The words "in fee simple" as used in this provision of the charter must be construed in connection with the words which immediately follow "of such property so required" *for water works purposes,* and as thus construed must be held to be only descriptive of the extent of the duration of the enjoyment of the easement thus acquired. *Atlanta, Birmingham & Atlantic Ry. Co.* v. *County of Coffee,* 152 *Ga.* 432, 434 (110 S. E. 214), and cases there cited.

4. "Where condemnation proceedings are had under the statute, upon the payment of the amount of the award found by the assessors and the final judgment on appeal, the condemnor becomes vested with such interest in the property taken as may be necessary for the exercise of the franchise or conduct of the business; and whenever the condemnor shall cease using the property for the purpose for which it was acquired, it reverts to the person from whom it was taken, his heirs, or assigns." *City of Atlanta* v. *Jones,* 135 *Ga.* 376 (1) (69 S. E. 571). While this ruling was based on an act of 1894 (Ga. L. 1894, p. 95, § 27), now Code § 36-606, it appears that this statute merely restated existing law. See *Alexander* v. *City Council of Augusta,* 134 *Ga.* 849 (68 S. E. 704); *Ex Dem. Mayor &c. of the City of Savannah* v. *President, Directors & Co., Steamboat Co. of Ga.,* 1 *Ga. Decisions Ann.* 239, 240 (1 *R. M. Charlton* 342).

(a) Title 36 of our present Code of 1933, dealing with eminent domain, consists of three parts, as follows: "Part I, General Provisions," "Part II, Condemnation of Property and Procedure," and "Part III, Condemnation for Special Purposes." Under Part III will be found authority for condemnation by water works companies, thus demonstrating that land condemned for water works is ordinarily for a special purpose. Likewise, the City of Atlanta charter provisions (Ga. L. 1874, p. 113) here dealt with authorized the Board of Water Commissioners to condemn the property in question for water works purposes, which we construe to be a "special purpose."

5. As we view this case, the controlling question to be decided by this court is whether section 44 of the charter of the City of Atlanta (Ga. L. 1874, p. 113) authorizes and requires a finding that, as to the property condemned pursuant to this section, there would be no reversion to former owners when the land is no longer required or used for water works purposes. We hold that this section authorized acquisition of the property in question "for water works purposes," and since the stipulation referred to above shows that the land has been abandoned "for water works purposes," and the city "does not intend to use such land for such purposes in the future," the $1,522 awarded was for the use of the property for a "special purpose" for which it is no longer needed, and as was said in Florida Blue Ridge Corporation *v.* Tennessee Electric Power Co., 106 Fed. 2d 913 (certiorari denied 309 U. S. 666, 60 Sup. Ct. 591, 84 L. ed. 1013), "if the use of the condemned property in the business to be served permanently ceases, the property is not to be used for other purposes," and it reverts to the person from whom it was taken, his heirs or assigns. Accordingly, the trial judge did not err for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1954—DECIDED JUNE 14, 1954—
REHEARING DENIED JULY 14, 1954.

J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland, for plaintiff in error.

Harold Sheats, Durwood T. Pye, E. A. Wright, Poole, Pearce & Hall, John J. Poole, contra.