22565. PRESCOTT et al. v. BARTON et al.

QUILLIAN, Justice. The controlling question in passing upon the sufficiency of the petition to withstand a general demurrer is whether the judgment entered in the proceedings instituted by the Highway Department under the provisions of Ga. L. 1961, p. 517, as amended, Ga. L. 1962, Ex. Sess., p. 37 (*Code Ann. Ch.* 36-13), included in the property condemned the dwelling of the plaintiffs, which was partly on the right of way. The solution of this question involves the interpretation of a phrase contained in the declaration of taking and the judgment entered in the condemnation proceeding which reads: "the right to enter upon any adjacent land of con-

demnee herein not taken, for the purpose of removing or dismantling, in its entirety, any and all structures or buildings or other encroachments if any, lying wholly or partially within the right of way sought to be condemned in this proceeding."

The clause appears upon cursory inspection to grant to the Highway Department the absolute right to dismantle and remove all buildings situated partly on the right of way condemned and this would include the plaintiffs' house so situated. However, an analysis of the clause reveals that it does not grant to the Highway Department the right to dismantle or remove so much of the house of the condemnees as is upon their land not condemned, but confers upon the condemnor the mere right to go upon the property of the condemnees for the purpose of dismantling or removing any building, structure or encroachment in part or entirely on the right of way.

"The extent of the condemnor's rights to be acquired in the condemnation proceeding are wholly dependent upon the terms of the law granting it authority to condemn and upon the wording and prayers of the petition to condemn, and only such rights as are prayed for in the petition and as are reasonably necessary for the enjoyment of the easement are vested in the condemnor." *Clemones v. Alabama Power Co.,* 107 Ga. App. 489, 495 (130 SE2d 600). Two rules of construction must be applied in determining what property is contained in the declaration of taking and the judgment in the condemnation proceedings. The first is as pronounced in *State Hwy. Dept. v. Hatcher,* 218 Ga. 299, 302 (127 SE2d 803): "In *Frank v. City of Atlanta,* 72 Ga. 428, 432 (2), it was held: 'The taking or injuring of private property for the public benefit is the exercise of a high power, and all the conditions and limitations provided by law, under which it may be done, should be closely followed. Too much caution in this respect cannot be observed to prevent abuse and oppression.' It is the general rule in this country that statutes conferring the power of eminent domain must be strictly construed, and clear legislative authority must be shown to authorize the taking." The other is: "A grantee, in this country, takes nothing by implication, but is confined to the terms of his charter." *Harrison v. Young,* 9 Ga. 359 (3). The clause above referred to strongly implies that the condemnor may enter upon the premises of the condemnees not

taken and remove any structure or house in part or entirely upon the right of way. But such right is only by way of implication, for, as stated above, the clause goes no further than to permit the condemnor to go upon the property of the condemnees for that purpose.

In interpreting the clause there occurs to the analytical reader the thought that if the condemnor is granted the mere privilege to go upon the premises of the condemnees not taken for the purpose of removing any house that is situated on the right of way, but is given no right to remove the house, the clause is meaningless. However, upon consideration we have reached the conclusion that whether the language quoted is effective for any purpose or can be given effect, the stern command of the law that nothing be included in the declaration of taking or judgment thereunder, by implication, must be obeyed.

A party suffers irreparable injury when he is compelled to surrender an inherent right to part with his property only by his own will and consent or by operation of a valid law. In such instance, the damage is not so much to the property as to the right and liberty of the person.

The plaintiffs had no adequate remedy at law to prevent their home being dismantled and removed, hence the trial judge erred in sustaining the general demurrers and dismissing the petition.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 28, 1964—
REHEARING DENIED OCTOBER 13, 1964.

*Fulcher, Fulcher, Hagler & Harper, A. Montague Miller,* for plaintiffs in error.

*Boller & Yow, D. Field Yow, James Horace Wood, Assistant Attorney General,* contra.