41949.   OWENS et al. v. STATE HIGHWAY DEPARTMENT.

ARGUED APRIL 4, 1966—DECIDED APRIL 25, 1966—
REHEARING DENIED MAY 10, 1966—

*Mitchell & Mitchell, Erwin Mitchell, Warren N. Coppedge, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, William A. Ingram, Deputy Assistant Attorney General, John T. Minor, III,* for appellee.

EBERHARDT, Judge. ■ The Act providing for the "quick taking" of land for road purposes under a declaration of taking provides (*Code Ann.* § 36-1303) that the condemnee may petition the superior court to vacate, set aside and annul the declaration for: (a) fraud or bad faith, as contemplated under *Code* § 37-709, (b) improper use of the powers provided under the Act, (c) abuse or misuse of the powers, or such other questions as may be raised under *Code* § 36-1308, i.e., questions of

law arising upon the pleadings after the filing of the declaration of taking.

The determination as to necessity for the condemnation and the use to be made of it in the road system is conclusive when made by the Highway Director. *Code Ann.* § 36-1303 (6).

The question for determination here is whether the failure of the Director to designate the road as a State-aid road prior to the filing of the declaration of taking renders the condemnation proceeding void, and thus whether it should be set aside and annulled. We conclude that it does not.

While it would have been better practice to give the statutory notice to the city and county officials and enter a formal designation of the road as a State-aid road before filing the condemnation proceedings, we do not believe that failure to do this was fatal.

As to the matter of notice, it appears that the county had entered into a contract with the State Highway Department for acquisition of the right of way as early as March 1965, and another superseding that one in July. In our judgment, this contract, while perhaps not in the form contemplated for giving notice as provided in the statute, effectually notified and informed the county officials of the intentions of the Highway Department. But nothing in the Act or in *Code* § 95-1705, which requires the giving of the notice to the county officials, or in *Code Ann.* § 95-1742, *requires* notice to the city officials *prior to the filing of condemnation proceedings* for acquisition of the right of way. In § 95-1705 it is asserted that no road shall become a part of the State-aid system *until it has been so designated* and written notice to the county authorities given. Section 95-1742 provides, as to cities, that "upon designating any portion of streets or highways within the corporate limits . . . as part of the State-aid system of roads, the State Highway Board shall so notify the highest elective official of the municipality concerned." Thus it is observed that there is no requirement of notice at or prior to the filing of the condemnation proceedings—*only upon designation* of the street or road as a State-aid road.

When must the designation be made? As we have observed, it would be better if it were made as soon as the Highway Depart-

ment determines that the improvement is to be made. Promptness in all matters is a good rule and eliminates many problems that would not arise but for delay. But the statute under which the proceeding here was filed provides in *Code Ann.* § 36-1303 (6) that: "The phrase, 'State-aid public road purposes,' as used herein, is defined and is to be construed as any public highway of the State established and constructed, *or to be constructed,* under the provisions of Chapter 95-17 of the Code of Georgia of 1933, under the provisions of *Code* § 95-1610 (Ga. Laws 1951, pp. 31 through 36), and including 'Limited-access highways,' as provided for by Chapter 95-17A of the Code (Ga. Laws 1955, p. 559, et seq.)." (Emphasis supplied). This definition or provision in the Act authorizes the acquisition of the right of way for a road *to be constructed,* and since there is no requirement that the designation of a State-aid road be made before it is to be placed in use, we think the designation made by the orders of September 24 and November 1 are sufficient to accomplish it. The matter of whether a road is to be a State-aid road is of little or no consequence to the condemnee. He is entitled to just and adequate compensation, no matter what kind of road it is to be, and no more. But it is of concern to the city or county, for it means that the State will contribute funds for acquisition and construction and will be obligated for the maintenance of the road, thus relieving them of heavy burdens. This matter is not an issue between the condemnor and the condemnee unless it is determinative of whether the Highway Department is illegally proceeding. Under the circumstances here we do not think it is.

On the matter of whether the State must condemn the existing right of way and pay the abutting owners for it, or whether the width of the right of way is as contended by the condemnor or the condemnee, we agree with the trial judge that these issues are not raised by the petition to set aside and annul.

If the contentions of the condemnees are well taken in these respects the Highway Department will certainly acquire title to no more land than it seeks to condemn by these petitions, and if there is a taking of condemnee's lands not included in the declaration of taking, they have an appropriate remedy by in-

junction or by an action at law for the value of the lands taken but not condemned under the provisions of the Constitution, *Code Ann.* § 2-301, as to lands over which the Highway Department acquires no easement for road purposes under the city and county, i.e., the portions which have not been dedicated for that purpose. The Highway Department is not obliged to acquire by condemnation any lands which have been dedicated to that use; it may make any improvement thereon and continue the use for road purposes.

*Judgments affirmed. Bell, P. J., and Jordan, J., concur.*