32134. DREW v. DeKALB COUNTY.

JORDAN, Justice.

This appeal is from the denial of injunctive relief.

DeKalb County, on behalf of Metropolitan Atlanta Rapid Transit Authority, brought a proceeding to condemn a permanent and temporary easement in property of the appellant. The appellant filed a petition seeking to temporarily restrain the appellee from proceeding with its action, alleging that an agent of MARTA had misled as to where the easement would run. Temporary injunction was granted. The appellant filed an amendment to her petition for injunction alleging that she claims by adverse possession a portion of the property adjacent to hers, and that the appellee is attempting to

condemn this adjacent property as the right of way of the Seaboard Railroad. Permanent injunction was prayed. After a hearing, the injunction was denied.

1. The appellee has filed a motion to dismiss the appeal, citing *Fountain v. DeKalb County,* 238 Ga. 14 (231 SE2d 49) (1976), on the ground that the only injunctive relief prayed was to enjoin the condemnation proceeding, and that the condemnation has been completed, the award filed, and the appellee vested with full title to the interests described in the condemnation complaint.

This case is distinguishable from the *Fountain* case, supra. The amendment praying permanent injunction was not seeking to enjoin condemnation of the property described in the condemnation complaint. The issue decided by the trial judge in the injunction action pertained to the portion of the adjacent right of way of the Seaboard Coastline Railroad claimed by the appellant. Therefore the condemnation judgment did not render the injunction action moot.

2. The amended pleading in the injunction action was incomplete. A "permanent injunction" was prayed, but there was no specification of the action of the appellee which should be enjoined. No objection was made by the appellee as to the insufficiency of the pleadings, and the issue heard and decided by the trial judge was whether the appellant had obtained title by adverse possession to a portion of the right of way of the Seaboard Coastline Railroad.

Where a condemning authority takes additional property belonging to a condemnee, which is not included in the property described in the condemnation proceedings, the condemnee is entitled to enjoin such taking without condemnation, or sue for damages. *Prescott v. Barton,* 220 Ga. 313 (138 SE2d 651) (1964); *Owens v. State Hwy. Dept.,* 113 Ga. App. 608, 612 (149 SE2d 406) (1966).

The evidence at the hearing was without dispute that the appellant had used a portion of the right of way as a part of the premises of her residence for 40 years as a lawn, a vegetable garden, and a rose garden. She had placed a tool shed on a part of it.

The evidence authorized the finding made by the

trial judge that the use by the appellant of the right of way originated by permission, and that she had given no actual notice to the railroad, or its predecessors in title, of any adverse claim by her to the portion used.

"Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code § 85-402. It was not error to deny injunctive relief. *Rucker v. Rucker,* 136 Ga. 830 (2) (72 SE 241) (1911); *Kesler v. Verner,* 161 Ga. 118 (2), 123 (129 SE 843) (1925); *Cowart v. Strickland,* 170 Ga. 530, 536 (7) (153 SE 415) (1930).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 11, 1977 — DECIDED MAY 13, 1977.

*James M. McDaniel, Steven J. Edwards, James B. Drew, Jr.,* for appellant.

*Harvey, Willard & Elliott, Wendell Willard, Billy Olsen, Huie, Ware, Sterne, Brown & Ide, Charles N. Pursley, Jr.,* for appellee.