## A07A1962. WILLIAM E. HONEY BUSINESS INTEREST, LLLP v. GEORGIA POWER COMPANY.

(661 SE2d 203)

ANDREWS, Presiding Judge.

William E. Honey Business Interest, LLLP (Honey) brought this action against Georgia Power Company to recover possession of a tract of land across which Georgia Power has an electric transmission line easement.[1] Georgia Power acquired the easement by condemnation in 1984, but to date has not constructed the power lines across the property. Honey sought to regain the property, contending in its complaint that Georgia Power "has lost its right-of-way condemned across the property of plaintiff by not using it for the purpose for which it was originally taken, nor for any other public purpose, for a period of more than (20) years."[2]

The parties filed cross-motions for summary judgment and the trial court entered an extensive order denying Honey's motion and granting summary judgment to Georgia Power. This appeal followed.

1. Honey contends that the trial court erred in denying its motion for summary judgment because the property should revert to it under OCGA § 22-2-85. This Code section provides:

> Upon the payment by the condemnor of the amount of the award, or the amount of the final judgment if there is an appeal, the condemnor shall become vested with such interest in the property taken as may be necessary to enable the condemnor to exercise his franchise or conduct his business. Whenever the condemnor ceases using the property taken for the purpose of conducting his business, the property shall revert to the person from whom taken, his heirs or assigns.

There is no evidence in the record that Georgia Power has permanently ceased to use the easement for purposes of OCGA § 22-2-85. The easement in question is part of a projected electric transmission line from the Wallace Dam area to the Klondike

---

[1] The easement encompasses approximately 33.4 acres of land.

[2] Honey filed his complaint in June 2005.

substation in DeKalb County. The original plan was to build a line from Plant Vogtle to the Wallace Dam and then from the Wallace Dam to Klondike. The line from Plant Vogtle to Wallace Dam is in place, but the line from Wallace Dam to the Klondike substation has not been built, although rights-of-way, including the easement across Honey's land, have been obtained.

The Georgia Power planning engineer testified at his deposition that building the line from Wallace Dam to Klondike had been put on hold to address other more urgent needs that have occurred. Georgia Power has projected, however, that there will be increased demands for power in the metropolitan Atlanta area and this transmission line will be needed in the future to meet these demands. The planning engineer stated that the "2020 document" was the best summary of Georgia Power's long-term plans. That document projects where Georgia Power "need[s] to be in 2020." In that document, the Wallace to Klondike line is projected to be constructed after 2010 and before 2020. All of the above evidence is undisputed.

The language in *City of Atlanta v. Fulton County*, 210 Ga. 784 (82 SE2d 850) (1954), provides a test for when and how to apply OCGA § 22-2-85. It states that the above Code section applies when the land has been (1) "abandoned" for the purposes for which it was taken, and (2) "the [condemnor] does not intend to use such land for such purposes in the future," and (3) "the use of the condemned property in the business to be served permanently ceases" and "is not to be used for other purposes." Id. at 786. At that point, "it reverts to the person from whom it was taken, his heirs, or assigns." Id. Therefore, the test is not whether there has been "more than a 'mere delay'" as the dissent contends, but rather whether the land has been abandoned, whether the condemnor does not intend to use the land for such purpose in the future, and whether the use of the condemned property has permanently ceased.

The record shows that Georgia Power has not "abandoned" the easement. Georgia Power has not physically abandoned the easement; it has cleared the land and has consistently maintained it since the condemnation. Georgia Power has not abandoned the easement for business purposes; the evidence is that planning is one of the most important aspects of Georgia Power's business and this includes projecting future use and anticipating where the need for increased supply will be.

Nor is there any evidence that Georgia Power does not intend the land for future use; rather just the opposite, as discussed above. The Wallace to Klondike line is projected to be constructed after 2010 and before 2020. There is therefore no evidence that Georgia Power has "permanently cease[d]" its use of the land. See *City of Atlanta*, supra.

As the dissent points out, the legislature has subsequently enacted OCGA §§ 22-3-162 and 22-1-2 (c) (1). These statutes are inapplicable to this case and were not in place when Georgia Power acquired the easement or when it began long-term planning for construction of the easement. Therefore, the trial court correctly granted summary judgment to Georgia Power on this claim.

2. Honey also contends that the trial court erred in granting summary judgment to Georgia Power because there is an issue of fact as to whether Georgia Power "abandoned" the easement. In light of our holding in Division 1 above finding no evidence that Georgia Power has abandoned the easement, we need not address its enumeration.

*Judgment affirmed. Johnson, P. J., Miller, Phipps and Mikell, JJ., concur. Barnes, C. J., and Adams, J., dissent.*

ADAMS, Judge, dissenting.

I respectfully dissent because I agree with Honey that the trial court erred by denying its motion for summary judgment because the property reverted to it under OCGA § 22-2-85 when Georgia Power failed to use the easement for the purpose for which it was taken. In relevant part that section provides: *"Whenever the condemnor ceases using the property taken for the purpose of conducting his business, the property shall revert to the person from whom taken, his heirs or assigns."* (Emphasis supplied.)

The majority accepts Georgia Power's argument that it has not permanently ceased using or abandoned the easement because it at some point cleared the easement, maintained the easement by keeping it clear, continuously monitored the easement by both ground inspections and aerial flyovers and used the easement in its planning process. However, this ignores the undisputed evidence here that Georgia Power has *never* used the easement for the purpose for which it was acquired and thus has *never* used the easement in "conducting its business" since no electric transmission lines or any other structure used to transmit electricity have ever been constructed on the property. As our Supreme Court has noted, "only such rights as are prayed for in the [condemnation] petition and as are reasonably necessary for the enjoyment of the easement are vested in the condemnor." (Citation and punctuation omitted.) *Prescott v. Barton*, 220 Ga. 313, 314 (138 SE2d 651) (1964). In this case, the affidavit attached to the condemnation petition averred that it was necessary to obtain the easement

for the purpose of locating and constructing thereon, maintaining and operating an electric transmission line to extend from Georgia Power Company's Plant Vogtle located in

Burke County, Georgia to Georgia Power Company's existing Klondike Substation located in DeKalb County, Georgia for the purpose of transmitting electric power and current for serving the members of the public.

And Georgia Power admitted the easement "was acquired for the purpose of locating and constructing thereon, maintaining and operating an electric transmission line. . . ." That is the purpose for which the easement was acquired — no other purpose. Thus, Georgia Power has never used the easement for the purpose of "conducting its business" under OCGA § 22-2-85.

Despite the clear evidence that the easement has never been used for the condemned purpose, the majority relies heavily on the fact that Georgia Power introduced evidence that it has "projected" that the easement may be needed in the future. But that evidence shows only a *possibility* that the easement *may* be used to construct electric transmission lines at some future indefinite time.

Because of these undisputed facts — that the easement has *never* been used for the condemned purpose and the evidence shows only a *possibility* that the condemnor may use the easement for the condemned purpose in the future, I do not agree with the majority that the "test" it derives from *City of Atlanta v. Fulton County*, 210 Ga. 784 (82 SE2d 850) (1954) is strictly applicable here. In that case the condemnor originally used the condemned property for the condemned purpose but then subsequently ceased using the property for that purpose. Thus the relevant inquiry in that case properly focused on the future use of the property. However, in considering the issue of reversion under the circumstances of the present case, I think the relevant inquiry must focus both on how much time has elapsed since the condemnor acquired the easement but failed to use it for the condemned purpose *and* what the evidence shows concerning future use of the property. As to these issues, the record shows that at the time the complaint was filed, over 20 years had elapsed since the property was condemned and there was only an indefinite possibility that the property would be used for the condemned purpose in the future. Contrary to Georgia Power's argument, I find these facts show more than a "mere delay" in Georgia Power's use of the property for the condemned purpose. I agree with Honey that this evidence was sufficient to establish as a matter of law that the property reverted to it under OCGA § 22-2-85. See *H. E. Rogers v. City of Knoxville*, 40 Tenn. App. 170, 180 (289 SW2d 868) (1955).[3]

Accordingly, I would reverse the trial court's order denying

---

[3] See also recently enacted OCGA § 22-3-162, which is effective for electric transmission line easements acquired on or after July 1, 2004. That Code section provides that construction

Honey's motion for summary judgment and granting summary judgment to Georgia Power. And because I believe the trial court should have granted Honey summary judgment on this basis, I do not find it necessary to consider Honey's argument that the trial court also erred by impermissibly weighing the evidence and granting summary judgment to Georgia Power on the issue of whether Georgia Power abandoned the condemned property.

I am authorized to state that Chief Judge Barnes joins in this dissent.

DECIDED MARCH 28, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008 

*Greer, Stansfield & Turner, W. Dan Greer, Robert H. Stansfield,* for appellant.

*Ballard, Stephenson & Waters, William M. Waters, Troutman Sanders, Douglas A. Henderson, Lynette E. Smith,* for appellee.

---

of an electric transmission line must be commenced within either 12 or 15 years from the date of acquisition, depending on its capacity or location, or the owner of the property across which the easement passes may require the utility to pay additional compensation or reconvey the easement. And OCGA § 22-1-2 (c) (1), applicable to petitions for condemnation filed after April 4, 2006, Ga. L. 2006, p. 39, § 25, provides in part that property owners may obtain a reconveyance of condemned property or additional compensation if the condemned property is not put to public use within five years.